Petitioner's Exhibit A

TESTIMONY OF CARLA J. STOVALL

HOUSE JUDICIARY COMMITTEE

SB 525

MARCH 14, 1994

The sexually violent predator bill -- a bill that would keep still sexually violent inmates off the streets after their criminal sentence has been served. Not passing this bill would allow convicted rapists and child molesters to walk through prison gates and back into our communities to rape and molest again.

And rape and molest they will. One study of 126 rapists that I recently read indicated that they had an average of 7 victims each. An F.B.I. study of serial rapists showed an average of over 30 rapes each in their histories.

The statistics on child sexual abuse offenses is absolutely staggering. A study funded by the National Institute of Mental Health reported on 53 sexual offenders who had abused an average of 52 girls or 150 boys each. The same study indicated that the typical offender begins molesting children when he is 15 and molests an average of 117 children--most of whom do not report the molestation.

Because of the nature of sexually violent crimes and the psychological makeup of those who are prone to commit them, we must take extraordinary precautions to protect society from them. This means enacting this bill into law across the state of Kansas. We cannot open our prison doors and let these animals back into our communities. If we do -- we are accomplices to the atrocities which they will surely commit.

Let me share with you for a moment the utter frustration I experienced as a member of the Kansas Parole Board. I would routinely see sexual offenders and pass them as long as possible (which was usually one year). I would see them each year and deny release again and again. But when the inmates reached their conditional release date (which was one-half of their maximum sentence), they had to be set free.

The file would come to the Board only for the purpose of setting conditions for their release. We would establish requirements such as: Report to the parole officer. Maintain employment. Have no contact with the victim or victim's family. Attend sexual offender treatment.

House Judiciary
Attachment 11
3-21-94

As I would write out those conditions, a knot would always grow in my stomach. I knew the rapists or child molesters were being turned loose on an unsuspecting public to reoffend. I knew there was at least one woman or one child, but probably more, who were going to fall victim to this animal. It was as certain as the sun rising the next morning. And there was nothing I could do to prevent it. That was the sickening thing. We were condoning the future victimization -- permitting it -- allowing it. Because we couldn't stop it.

Donald Gideon is the despicable individual who has caused the heightened awareness of the desperate need for this bill. Gideon was a convicted rapist and was in our Kansas prisons while I was on the Parole Board. I saw him 3 times and denied him release 3 times because of his prior rape conviction and because of his demeanor and behavior. And yet he was given his freedom after serving all of his sentence. He was not given his freedom one day early -- he served all the time the state had sentenced him to. But we gave him his freedom. The freedom he needed to rape a young woman in April and the freedom to then rape and murder Stephanie in July. Had a bill like this become law when it was first introduced a few years ago, I am certain Donald Gideon would never have been released. He would have been found to be sexually violent. You must do everything within your power to ensure this bill becomes law. Do not lose interest in it and let it languish like your predecessors.

The situation in Kansas now is no better with sentencing guidelines than under indeterminate sentencing. There are a total of 24 sexual crimes under current Kansas law and only 4 carry longer sentences under guidelines **when using the worst criminal history** (which most inmates do not have) and that is because all 4 were misdemeanors under the old system. In addition, 13 of the 21 child sexual abuse crimes carry presumed probation unless the inmate has a substantial criminal history. *Why Mandatory Minimums today?*

The lesson is that under guidelines fewer child sexual abuse crimes will result in incarceration because of the high number which carry presumed probation. For those that do go to prison, the sentences are shorter than what could have resulted under the old system. For example, an inmate convicted of raping an adult woman or a child, who has no prior criminal history and earns all his good time, will only spend 4 years and 7 months behind bars. Those particular crimes carried a possible maximum of life imprisonment under the old system and the inmate did not ever have to be released. Our streets are much less safe now. The sexually violent predator bill is absolutely critical!!

This bill would allow us to stop the sure and certain victimization. It would allow us to keep the sexually violent offenders locked up indefinitely. This is our obligation to provide for public safety in this way. *Is it not to be treatment? Then what did I* *Why wasn't I given a life sentence in 2009? Is SPTP do in prison? punishment for me? I mean Christine Ladner was my D.A. in 2004 and on the MDT in Topeka in 2015.*

11-2