IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF KANSAS

KENNETH MARK HAY, )
          Plaintiff )
Versus )
Ms. Keri Applequest, et al., )
          Defendants, )

CASE NO. 5:23-CV-03175-HLT-GEB

### PLAINTIFF's MOTION FOR JUDGMENT BY DEFAULT

**COMES NOW,** the Plaintiff, Mr. Kenneth Mark Hay, by and through himself, Pro-se, before this Honorable Court to humbly submit this Motion for Judgment by Default in the above captioned case. The Plaintiff offers the following in support of this motion:

1) The Plaintiff has met his Burden of Proof regarding the Prosecution and Execution of the Defendants. **See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 160 (1970); see also Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001)**

2) The Plaintiff has served all Parties with all the filings the Plaintiff has filed in this case.

3) The Plaintiff has demonstrated and proven the Intent of the Kansas Sexually Violent Predator Act (KSVPA) as being Punitive, and even more so above and beyond the Plaintiff's Criminal Sentence in the Kansas Departmant of Corrections (KDOC).

4) The Plaintiff has demonstrated and proven that his time in the Kansas Sexual Predator Treatment Program has been Punitive, Ex Post Facto, Double Jeopardy and Cruel and Unusual Punishment, most especially so above and beyond the Plaintiff's Criminal Sentence in the Kansas Department of Corrections (KDOC).

5) The Plaintiff has demonstrated and proven that the Kansas Sexual Predator Treatment Program (SPTP) is not Care, Therapy, Treatment or Rehabilitation, but rather Punitive, Ex Post Facto, Double Jeopardy and Cruel and Unusual Punishment, most especially so above and beyond the Plaintiff's Care, Therapy, Treatment or Rehabilitation that he received in the KDOC.

6) The Plaintiff has demonstrated and proven that SPTP does not possess Due Process, but rather is Punitive, unlike the Plaintiff's Due Process Rights and protection in the KDOC.

7) The Plaintiff has demonstrated and proven that SPTP is not a Therapeutic and/or Treatment Environment and/or does not meet the Standards and/or Criteria of the Conditions of Confinement for a Therapeutic, Rehabilitation and/or Treatment Facility or Program, but rather is just as Restrictive and Constrictive and Punitive as the KDOC, which does not meet the Standards and/or Criteria of the Conditions of Confinement for a Therapeutic, Rehabilitation and/or Treatment Facility or Program.

8)     The Plaintiff has filed and served with this Honorable Court and on all the Defendants and their attorneys the Complaint, Amended Complaint, the Summons, the Temporary Restraining Order, and the Injunction ALL without response from the Defendants and their Counsel.
    a.     This violates the Plaintiff's Due Process Rights and causes the Plaintiff to Continuously suffer and be traumatized by the Injuries and the Harm done to him by the Defendants, as the Plaintiff has proven in this case.
    b.     The Defendants and their Counsel are past the 20 day time limit that is on the Plaintiff's Summons.
    i)     This violates the Plaintiff's Due Process Rights and causes the Plaintiff to Continuously suffer and be traumatized by the Injuries and the Harm done to him by the Defendants, as the Plaintiff has proven in this case.

ii)     This also mocks this Honorable Court by violating Due Process and not Obeying or Adhering to the Statutory and Constitutional Obligations of Due Process laid out in the United States Constitution and Federal Statutes.

9)     The Plaintiff has requested an attorney and has preserved this request, as well as all the filings, Arguments and exhibits he has made in this case, for appeal.

10)     The Plaintiff is still incarcerated and has been for 32 years and the last 28 1/2 years in the Custody, Care and Control of SPTP.
    a.     This continues while the Defendants do not respond to the filings of the Plaintiff.
    b.     The Plaintiff does wonder if the Defendants and their Counsel are just hoping that the Plaintiff will drop this suit or settle to a lesser Prayer for Relief. This is not the Desire or wish of the Plaintiff.

11.     The Defendants have not responded to any of the filings in this case by the Plaintiff with this Honorable Court, but they have retaliated against the Plaintiff and all those similarly situated.
    a.     The Defendants posted a new Policy on Monday, October 23, 2023 stating that if the Plaintiff wanted to see the Progress Review Panel he MUST complete LSH -576 form which is the Financial Disclosure Form. This form allows the Defendants to gain monies and assets that the Plaintiff and his loved ones may have to pay for his supposed Care, Treatment, and Therapy, but most certainly for his Control and Custody. (Please see Plaintiff's Exhibits 1 and 2).
    i)     SPTP Policy 6.2(III)(A)(9) states: "Resident must have completed a Financial Disclosure Form within the past three years."
    ii)     This is Cruel and Unusual Punishment under the 14th Amendment.
    iii)     This is also the Defendants using the Plaintiff's Prayer for Relief in this suit against him. This is Cruel and Unusual Punishment under the 14th Amendment.
    iv)     This also violates the Plaintiff's Due Process Rights of the 5th and 14th Amendments.
    b.     The Defendants have a new Polygraph Policy in use in SPTP where the Plaintiff MUST sign a Waiver Form for the Polygraph or he **will lose his Privilege Level,** his Employment and will not be able to see the Progress Review Panel.
    i)     This also violates the Plaintiff's Due Process Rights of the 5th and 14th Amendments.
    ii)     This is also Cruel and Unusual Punishment under the 14th Amendment.

iii)     The Defendants prevent the Plaintiff from having a copy of the Waiver Form or the Polygraph Questionnaire and before administering the Polygraph fail to serve the Plaintiff with a Search Warrant and/or his Miranda Rights despite asking him questions on the Polygraph Questionnaire and the Polygraph Exam that are Criminal and not Sexual in nature.
1.      This is Cruel and Unusual Punishment under the 14th Amendment,.and violates the Plaintiff's Due Process Rights of the 5th and 14th Amendments.
iv)     The Plaintiff's results and anything put on the Polygraph Questionnaire **will** be given to **All** SPTP staff pursuant to this new Waiver Form.
v)      Polygraphs in SPTP violate **K.S.A. 59-29a07 and In re Foster, 280 Kan. 845, 127 P.3d 277, 2006 Kan. LEXIS 6 (Kan. 2006) which state:** "Unpublished decision: Because proceedings under the Kansas Sexually Violent Predator Act (KSVPA), Kan. Stat. 59-29a01 et seq, require proof beyond a reasonable doubt and the respondent is entitled to a unanimous jury verdict that he or she is a sexually violent predator, **references to a polygraph examination, polygraph results, and any opinions based upon those results should be EXCLUDED.**"
c.      The Defendants force the Plaintiff to choose between going to class or going to his **Religious Call out** pursuant to LSH Policy P9-06(11)(e).
1)      This violates the Plaintiff's 1st Amendment Right and is Cruel and Unusual Punishment under the 14th Amendment.
d.      This also violates SPTP Policy (III)(4) which states: "4. No Adverse Action
a.      **No adverse action shall be taken against any resident for use of the grievance process** unless the resident uses the grievance process for any of the above mentioned purposes, and in those instances the program will consider taking appropriate action against the resident, which could include issuing a notification and/or referring the matter to Safety/Security.
b.      **No adverse action** shall be taken against any employee for good faith participation in the grievance process."
I)      **This then violates K.S.A. 59-29a22(21).**
e.      **This also violates Kansas v. Hendricks, 521 U.S. 346** for not being Involuntary Civil Commitment or a "Civil Statutory Scheme with a non-punitive effect."
12.     The Plaintiff understands the gravity and magnitude of this case and the consequences of ruling on this case by this Honorable Court.
a.      The Plaintiff also knows that this is not lost on the Defendants or their Counsel.
13.     The Plaintiff humbly states that this Honorable Court is bound by the Due Process Protections of the United States Constitution and the Federal Statutes to grant Judgment by Default for the Plaintiff's litigation of them in this case.

## CONCLUSION

**THEREFORE,** Your Honors, the Plaintiff humbly requests that this Honorable Court grants this Motion for Judgment by Default and hereby orders that the Plaintiff receive the Entirety of his Prayer for Relief within 10 business days of the ruling of this Honorable Court.

Respectfully Submitted,

*Kenneth Mark Hay*
Kenneth Mark Hay
1301 Kansas Highway 264
Larned, Kansas 67550
620-285-4660 Extension 4

*Elizabeth Keller*
Notary Public Signature

ELIZABETH ANN KELLER
My Appointment Expires
May 4, 2027

Notary Seal/Stamp

## CERTIFICATE OF SERVICE

I, _Kenneth Mark Hay_, hereby certify that a true and correct copy of this Order to Show Cause for an Preliminary Injunction & Temporary Restraining Order by the Plaintiff, was sent, by U.S. Mail, postage prepaid, on this ___27___ day of ___October___ of 20_23_, to the following:

United States District Courthouse
**C/O Clerk of the District Court**
444 S.E. Quincy
490 U.S. Courthouse
Topeka, Kansas 66683

Kansas Attorney General's Office
**C/O Mr. David Davies**
120 S.W. 10Th Street, 2nd Floor
Topeka, Kansas 66612

Kansas Department for Aging & Disability Services
**C/O Mr. Jared T. Langford**
503 South Kansas Avenue
Topeka, Kansas 66603

Ms. Lesia Dipeman
1301 Kansas Highway 264
Larned Kansas 67550

Ms. Keri Applequest
1301 Kansas Highway 264
Larned, Kansas 67550

Ms. Haleigh Bennett
1301 Kansas Highway 264
Larned, Kansas 67550

Ms. Linda Kidd
1301 Kansas Highway 264
Larned, Kansas 67550

Respectfully Submitted,

_Kenneth Mark Hay_
Kenneth Mark Hay
1301 Kansas Highway 264
Larned, Kansas 67550
620-285-4660 Extension 4



_Elizabeth Keller_
Notary Public Signature

Notary Seal/Stamp

ELIZABETH ANN KELLER
My Appointment Expires
May 4, 2027