## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KENNETH MARK HAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case. No. 23-3175-HLT-GEB** |
| ) | |
| **KERI APPLEQUIST,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## DEFENDANTS' MOTION TO QUASH SERVICE AND
## FOR COURT REVIEW OF THE AMENDED COMPLAINT

Defendants Keri Applequist, Lesia Dipman,[1] Lindsey Dinkel,[2] Haleigh Bennett, and Linda Kidd ("Defendants") respectfully request that service on Defendants in their individual capacities be quashed under Federal Rule of Civil Procedure 12(b)(5), and that this Court screen Plaintiff Kenneth Mark Hay's Amended Complaint ("Complaint") (Doc. 8) under 28 U.S.C. § 1915(e)(2)(B). Defendants state the following in support.

### I.   Service on the Defendants in their individual capacities should be quashed as improper.

This Court has previously summarized the standard for Rule 12(b)(5) motions:

A Rule 12(b)(5) motion challenges the mode or lack of delivery of a summons and complaint. Objections to the sufficiency of process must be specific and point out in what manner the plaintiff has failed to satisfy the service provision utilized. When a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service. A pro se party is not

---

[1] The Amended Complaint (Doc. 8) misspells Dipman's last name as "Dipeman."

[2] Lesia Dipman retired on September 15, 2023. She was succeeded as Superintendent of Larned State Hospital by Lindsey Dinkel. Plaintiff sued Dipman in her individual and official capacity (Doc. 8 at 2), and the individual capacity claim remains against her, but under Fed. R. Civ. P. 25(d) Dinkel automatically substitutes in and becomes the defendant on the official capacity claim. *See Moore v. Kobach*, 359 F. Supp. 3d 1029, 1032 (D. Kan. 2019) (citing Fed. R. Civ. P. 25(d)).

relieved of her obligation to comply with the service of process requirements
under Fed. R. Civ. P. 4.

*Lewis v. Wyandotte/Leavenworth Area on Aging*, No. 10-2109-JWL, 2010 WL 2735563, at *2

(D. Kan. July 9, 2010) (citations omitted). A party does not waive the defense of insufficient

service of process by joining it with other arguments. *Smith v. TFI Fam. Servs., Inc.*, No. 17-

2235-JWB, 2019 WL 1556250, at *3 (D. Kan. Apr. 10, 2019). Accordingly, special limited

appearances are not required. *Id.*

**A. Individual capacity claims require service on a defendant as an individual.**

"Without personal service in accordance with Rule 4(e), the district court is without

jurisdiction to render a personal judgment against a defendant." *Scherer v. United States*, 241 F.

Supp. 2d 1270, 1281 (D. Kan. 2003), *aff'd*, 78 F. App'x 687, 690 (10th Cir. 2003). Even if

service is properly made on a defendant in an official capacity, service can be improper on that

defendant in an individual capacity, requiring dismissal of the individual capacity claims. *Id.* at

1282 (citing *Bartels v. Hecker*, 46 F.3d 1150 (table opinion), 1995 WL 24911, at *2 (10th Cir.

Jan. 23, 1995)). Under Federal Rule of Civil Procedure 4(e), service on an individual must be

made according to a method allowed by state law or by personal delivery to the individual, to a

suitable resident at their dwelling, or to an agent authorized to receive service for the individual

in their individual capacity.

Here, service on the individual defendants was made by return receipt delivery to their

workplace, Larned State Hospital. (Docs. 12, 13, 14, 17.) Kansas law does not allow service for

individual capacity claims to be made by return receipt delivery to an individual's business

address. *Fisher v. DeCarvalho*, 298 Kan. 482, 491-92 (2013); *Wanjiku v. Johnson Cnty.*, 173 F.

Supp. 3d 1217, 1228-31 & n.5 (D. Kan. 2016). Neither does Rule 4. Therefore, no sufficient

service has been made on Defendants in their individual capacities.

**B.  The Court should dismiss claims for improper service when they would also be dismissed for failure to state a claim.**

Although courts have discretion to extend the time for a plaintiff to serve a defendant, claims can properly be dismissed when the claims also fail to state a claim upon which relief may be granted. *Wanjiku*, 173 F. Supp. 3d at 1231-32 (citing *Ngiendo v. Soc. Sec. Admin.*, 547 F. App'x 913, 914 (10th Cir. 2013)). Claims can be dismissed for both improper-service and failure-to-state-a-claim grounds. *Id.* Here, as discussed in the next section, the Court has not yet screened Plaintiff's complaint and may find that Plaintiff has failed to state a claim. If the Court so finds, the Court could properly dismiss the claims. Regardless, no necessity or any pressing reason exists to serve the defendants or to extend the time for service prior to screening being completed.

**II.  <u>The Court has yet to screen Plaintiff's *in forma pauperis* complaint.</u>**

On July 31, 2023, the Court granted the Plaintiff *in forma pauperis* status in this case (Doc. 5), but has not yet screened the complaint on the merits. The relevant statute for *in forma pauperis* cases, 28 U.S.C. § 1915(e)(2)(B), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Courts have recognized a "screening mechanism inherent in 28 U.S.C. § 1915." *Merryfield v. Jordan*, 584 F.3d 923, 925 (10th Cir. 2009). As this Court recently ruled in *Fryer v. Johnson Cnty. Sheriff Dep't*: "Where a plaintiff proceeds *in forma pauperis*, the Court <u>*must*</u> screen the complaint to determine whether the action (1) is frivolous or malicious, (2) fails to state a claim, or (3) seeks monetary relief from an immune defendant." *Fryer v. Johnson Cnty.*

*Sheriff Dep't*, No. 22-2079-HLT, 2022 WL 3211427, at *1 n.3 (D. Kan. Aug. 8, 2022) (emphasis added) (citing § 1915(e)(2)(B)). This screening requirement of "[s]ection 1915(e) applies to all *in forma pauperis* litigants, including non-prisoners." *Fry v. Beezley*, No. 10-3050-SAC, 2010 WL 1371644, at *1 (D. Kan. Apr. 6, 2010) (citing *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)). A motion for review of the complaint under § 1915(e) "is effectively treated as a [Federal Rule of Civil Procedure] 12(b) motion and, accordingly, as an effort to 'otherwise defend' under the default judgment rule" of Rule 55. *Landrith v. Gariglietti*, 505 F. App'x 701, 703 (10th Cir. 2012).[3]

Although no *binding* precedent directly states that the Court *must* screen an IFP complaint, the overwhelming consensus of legal authority agrees with the *Fryer* case above that screening is required. *See Hakeem v. Kan. Dep't of Hum. Servs.*, No. 22-3144, 2022 WL 16642268, at *5 (10th Cir. Nov. 3, 2022) (screening under § 1915(e)(2) is not only "proper" but "mandatory"); *Williams v. Colo. Dep't of Corr.*, No. 22-1033, 2022 WL 3681255, at *1 (10th Cir. Aug. 25, 2022) ("The district court granted Williams leave to proceed *in forma pauperis*, and therefore screened his amended complaint as required by 28 U.S.C. § 1915(e)(2)."); *Tucker v. U.S. Ct. of App. for the Tenth Circuit*, 815 F. App'x 292, 293 (10th Cir. 2020) ("because [the plaintiff] proceeds *in forma pauperis* under 28 U.S.C. § 1915(a)(1), his complaints are subject to that statute's screening requirement"); *Phan v. Colo. Legal Servs.*, 769 F. App'x 520, 523 (10th Cir. 2019) ("Whenever a plaintiff seeks to proceed *in forma pauperis*, as [the plaintiff] has done here, 28 U.S.C. § 1915(e)(2)(B) requires the district court judge to screen the complaint"); *Phan v. Babcock*, 764 F. App'x 837, 838 (10th Cir. 2019) ("Whenever a plaintiff seeks to proceed *in*

---

[3] *See also Landrith v. Gariglietti*, No. 11-2465-KHV, 2012 WL 171339, at *2 to *3 (D. Kan. Jan. 19, 2012) (calling the 1915(e) motion a "motion for review of the complaint").

*forma pauperis*, as [the plaintiff] has done here, 28 U.S.C. § 1915(e)(2)(B) requires the district

court judge to screen the complaint"); *Judy v. Obama*, 695 F. App'x 410, 410 (10th Cir. 2017)

("Because [the plaintiff] brought this action *in forma pauperis* under 28 U.S.C. § 1915, the

district court undertook its duty to screen the complaint"); *Mohn v. Zinke*, 688 F. App'x 554, 555

(10th Cir. 2017) (saying § 1915(e)(2)(B) requires the court to screen IFP complaints);

*Sardakowski v. Ivandick*, 653 F. App'x 596, 597 (10th Cir. 2016) (saying § 1915(e)(2)(B)

requires the court to screen an IFP complaint); *Chance v. Vandiver*, 620 F. App'x 678, 679 (10th

Cir. 2015) ("a court must screen a complaint filed IFP"); *Judy v. Obama*, 601 F. App'x 620, 622

(10th Cir. 2015) ("Under § 1915(e)(2), a court must screen cases filed *in forma pauperis*");

*Creamer v. Kelly*, 599 F. App'x 336, 337 (10th Cir. 2015) ("Under §§ 1915(e)(2)(B)(i) and (ii), a

court must screen a complaint filed IFP"); *Marjenhoff v. N.M. State Police*, 598 F. App'x 595,

596 n.4 (10th Cir. 2015) ("The court must screen an IFP case"); *Phillips v. Layden*, 434 F. App'x

774, 775 (10th Cir. 2011) ("Phillips' IFP status required the district court to evaluate her claims

*sua sponte*."); *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (saying the court has a

"screening function for IFP cases under 28 U.S.C. § 1915(e)(2)(B)(ii)"); *Huntington v. Colo. Bd.*

*of Parole*, 184 F. App'x 758, 759 (10th Cir. 2006) (saying the plaintiff "was permitted to proceed

*in forma pauperis* in the district court" and "[t]he district court screened [the] complaint as

required by statute," citing 28 U.S.C. § 1915(e)(2)(B)); *Lister v. Dep't of Treasury*, 408 F.3d

1309, 1312 (10th Cir. 2005) (holding that "a motion to proceed IFP" triggers a requirement, due

to § 1915(e)(2)(B), for the movant to show "the existence of a reasoned, nonfrivolous argument

on the law and facts in support of the issues raised in the action"); *Straw v. Utah*, No. 23-4036,

2023 WL 4197651, at *6 (10th Cir. June 27, 2023) (affirming dismissal "at the screening stage"

because § 1915(e)(2)(B) requires dismissal of the types of claims enumerated in the statute);

5

*Sullivan v. Hartford Fin. Servs. Grp., Inc.*, Nos. 22-3118 & 22-3193, 2023 WL 4635888, at *1 (10th Cir. July 20, 2023) (affirming dismissals of two interrelated actions as required under the "screening provisions" of 28 U.S.C. § 1915(e)(2)(B)); *Harland v. Kan. City, Kan. Police Dep't*, No. 21-2060-EFM, 2021 WL 5113663, at *1 (D. Kan. Nov. 3, 2021) ("Because [the plaintiff] requested to proceed *in forma pauperis*, the Court was required by 28 U.S.C. § 1915(e)(2) to screen [the] Complaint to see if it stated a claim upon which relief could be granted."); *McCoy v. Burris*, No. 18-3077-DDC, 2020 WL 5642324, at *7 (D. Kan. Sept. 22, 2020) ("Because plaintiff proceeds *in forma pauperis*, 28 U.S.C. § 1915(e)(2) requires the court to screen the party's complaint."); *Kelly-Leppert v. Monsanto/Bayer Corp.*, No. 20-2121-KHV, 2020 WL 2507634, at *2 (D. Kan. May 15, 2020) ("When the Court grants a party leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2) requires the Court to screen the party's complaint.").

Although "nothing in § 1915(e)(2) requires a court to screen a case for merit *before* granting *in forma pauperis* status," *Crosby v. True*, No. 21-1003, 2021 WL 5647770, at *2 n.5 (10th Cir. Dec. 1, 2021) (emphasis added) (citing *Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012)),[4] that does not dispense with the screening requirement altogether. *See Landrith v. Gariglietti*, 505 F. App'x 701, 703 (10th Cir. 2012) (affirming a dismissal on the merits at the screening stage under § 1915(e)(2) *after* an IFP motion had been granted). If the court has not yet screened the complaint and a motion to dismiss is submitted, screening should still occur, so the motion to dismiss may be moot. *See Dale v. Fletcher*, No. 19-3240-SAC, at *1 (D. Kan. Sept.

---

[4] *See also Adkins v. Kan. Comm'n on Judicial Qualifications*, 510 F. App'x 700, 706 (10th Cir. 2013) (quoting *Buchheit*, 705 F.3d at 1160-61) ("nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court *before* granting IFP status" (emphasis in original for the word "requires," emphasis added for the word "before")).

25, 2020).

Defendants also note that the same reasons the Court denied Plaintiff's request titled "Order to Show Cause for [a] Preliminary Injunction and a Temporary Restraining Order" (Doc. 11) appear to apply to the "Prayer for Relief" in the Complaint (Doc. 8 at 23-24):

> Plaintiff appears to want the Court to prevent Defendants from taking actions such as performing their jobs, searching Plaintiff without a search warrant, using their bank accounts and debit/credit cards, residing in their homes, and possessing their personal property. Plaintiff offers no legal basis for this broad relief, and the request is otherwise unsupported. [He] does not even identify the governing standard for relief. He has provided the Court with no framework or authority under which to evaluate his request for such broad, sweeping relief. Plaintiff fails to identify any basis upon which the Court could grant him the relief sought.

(Doc. 15 at 1-2.) Plaintiff also makes some of these same baseless requests for relief in the Complaint. (*See* Doc. 8 at 23-24.) This further demonstrates that Defendants should not be required to respond to the Complaint prior to screening. Screening would likely result in dismissal of at least some such baseless claims in the Complaint.

For the above reasons, the Defendants request that the Court review the Complaint on the merits under § 1915(e)(2)(B) before the Defendants are required to respond to the Complaint.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS W. KOBACH

/s/ Matthew L. Shoger
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy served by means of first-class mail, postage prepaid, addressed to:

Kenneth Mark Hay
Larned State Hospital
1301 KS Highway 264
Larned, KS 67550
*Plaintiff, pro se*

/s/ Matthew L. Shoger
Matthew L. Shoger
Assistant Attorney General