IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF KANSAS

| | | |
|---|---|---|
| KENNETH MARK HAY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| Versus | ) | **CASE NO. 5:23-CV-03175-HLT-GEB** |
| | ) | |
| Ms. Keri Applequest, et al, | ) | |
| Defendants | ) | |

FILED
JAN 30 2024
Clerk, U.S. District Court
By: _____ Deputy Clerk

## PLAINTIFF's MOTION FOR JUDGMENT BY DEFAULT

**COMES NOW**, the Plaintiff, Mr. Kenneth Mark Hay, by and through himself, Pro-SE, before this Honorable Court to humbly submit this Motion For Judgment by Default in the above captioned case.

The Plaintiff offers the following in support of this Motion:

1. The Defendant's argues that the Plaintiff should not have filed a 42 U.S.C. 1983 in this case against the Defendants is in error because Section 1983 itself states, "Every person who, *under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities, secured by the Constitution and laws, shall be liable to the party injured in an action at law suit in equity, or other proper proceedings for redress..."*

    A. Ms. Keri Applequest, in her Individual and Official Capacity, as the SPTP Assistant Clinical Program Director was and is acting under the color of the state law and therefore has caused injury and harm to the Plaintiff as outlined in both Complaints.

    B. Ms. Haleigh Bennett, in her Individual and Official Capacity, as LSH Chief Operations Officer was and is acting under the color of the state law and therefore has caused injury and harm to the Plaintiff as outlined in both Complaints.

    C. Ms. Linda Kidd, in her Individual and Official Capacity, as SPTP Program Manager was and is acting under the color of the state law and therefore has caused injury and harm to the Plaintiff as outlined in both Complaints.

    D. Ms. Lesia Dipeman, in her Individual and Official Capacity, as LSH Superintendent was acting under the color of the state law and therefore has caused injury and harm to the Plaintiff as outlined in both Complaints.

    E. Therefore the Defendants are liable for the injuries and harm done to the Plaintiff while in their Control, Care, and Custody, in their Individual and Official Capacity, under the color of state law and that means that 42 U.S.C. 1983 is the correct method for redress to correct the injuries and harm done to the Plaintiff by the Defendants.

    F. The Plaintiff is a citizen and resident of the United States and of the State of Kansas. Therefore the Defendants have jurisdiction over him in their individual and official capacity under the color of state law which means that 42 U.S.C. 1983 is correct method for redress to correct the injuries and harm done to the Plaintiff by the Defendants

    G. The Defendants have deprived the Plaintiff of his Constitutional and Statutory Rights and Privileges as the Plaintiff has proven, beyond a reasonable doubt, in his complaints against the Defendants. Therefore 42 U.S.C. 1983 is the correct method for redress to correct the injuries and harm done to the Plaintiff by the Defendants.

2) Section 1983 applies to the "*deprivation of any rights, privileges, or immunities secured by the Constitution and laws.*"

    A. This means the actions that the Plaintiff is suing about, violates his Federal Rights.

    B. Federal Rights are those given by the U.S. Constitution, Amendments to the Constitution, and laws passed by the U.S. Congress.

    C. The Plaintiff has proven in his complaints against the Defendants, beyond a reasonable doubt, that the Defendants have violated his federal rights of the United States Constitution and Federal Case Law numerous times in their individual and official capacity while acting under the color of State Law.

    D. Therefore 42 U.S.C. 1983 is the proper method for redress in this action.

3) Section 1983 also says, *"under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory."*

    A. This means that the violations the Plaintiff has complained about against the Defendants in this case has been done by a state or local official, which the Defendants are.

    B. Therefore 42 U.S.C. 1983 is the proper method for redress in this action.

4) The Plaintiff has shown how the Defendants violated the U.S. Constitution and Federal Case Law when they violated the Plaintiff's Constitutional and Statutory Rights numerous times, in their Individual and Official Capacity, acting under the color of state law.

    A. Therefore 42 U.S.C. 1983 is the proper method for redress in this action.

5) The "under color of state law" requirement does not mean that the action has to be proven legal under state law. This is very important, and was decided in a case called *Monroe v. Pape,* 365 U.S. 167 (1961).

    A. All the Plaintiff needs to show is that the Defendants, he is suing was and is working for SPTP or LSH at the time of the acts he is suing about occurred causing the injury and harm to the Plaintiff. *This applies to retired LSH Superintendent Ms. Lesia Dipeman*.

6) In a Section 1983 suit, the Plaintiff can sue over a one time action that violated his rights or he can sue over an SPTP and/or LSH Policy.

7) The Plaintiff did not file this action in State Court because there is no Civil Commitment Litigation Reform Act and a Federal Court has to rule in this case.

    A. The Kansas Supreme Court has found the Kansas Sexually Violent Predator Act (the KSVPA or the Act) Unconstitutional twice before and therefore it will take a ruling by the United States Supreme Court to resolve the issues of this action by the Plaintiff.

        I. In 2017 the Alabama Supreme Court Chief Justice stated, "*The best way to influence the rulings of the United States Supreme Court is by the rulings of the State Supreme Courts.*"

        II. When two Circuit Courts of Appeals are at odds with each other then the United States Supreme Court must break the tie and rule on the matter/issue in conflict.

8) The Defendants fail to recognize that this Honorable Court has not dismissed the Complaints the Plaintiff has filed against the Defendants "Sua sponte" or for the following reasons:

    A. Frivolous or malicious

    B. Fails to state a claim upon which relief may be granted

    C. Seeks money damages from a Defendant who is immune from money damages

        I. Therefore the Defendants have no case.

9) The Defendants have also failed to recognize that this Honorable Court has yet to deny the Plaintiff the opportunity to amend his complaint(s) and fix whatever this Honorable Court thinks is wrong with the Plaintiff's complaint(s) (Please see *Shomo v. City of New York*, 579 F.3d 176 (2d Cir. 2009)).

10) The Defendants are incorrect that the Plaintiff has failed to state a claim in which relief can be granted.

    A. The Defendants think that they have not violated the Constitutional and Statutory Rights of the Plaintiff and caused him harm and injury.

    B. Both of the Complaints filed by the Plaintiff and the Exhibits he used with them prove that the Plaintiff has stated a claim in which relief can be granted.

11) The Defendants don't want this case to go to Discovery, Trial and **most especially on Appeal** (the Plaintiff will be taking this case to the United States Supreme Court if he loses at the District Court level).

    A. This is due to the importance of this case, the controversy of this case, and the Truth that the Plaintiff's Exhibits and Arguments in his complaints reveal.
    B. The Plaintiff wants the Defendants to *"consider Ken Hay"* as Mr. Paul Morrison stated to the Kansas House Judiciary Committee when he testified in March 1994 regarding Senate Bill 525.
    C. Over 20 years ago the Plaintiff asked the Sexual Predator Treatment Program (SPTP) Progress Review Panel what he must do to attain Phase 5 (Tier 2) and Defendant Applequest told him, ***"Go to your room and think about it."***

12) The Plaintiff does not have to Exhaust Administrative Remedies when it comes to his Constitutional and Statutory Rights being violated.

    A. SPTP Policy 7.1 states that the Plaintiff cannot use the SPTP Grievance Process to address his Constitutional and Statutory Rights being violated and therefore there is no need of exhausting administrative remedies.

13) The Plaintiff has met his Burden of Proof regarding the Prosecution and Execution of the Defendants. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 160 (1970); see also *Curry v. Scott*, 249 F.3d 4e93, 505 (6th Cir. 2001).

14) The Plaintiff has served all Parties with all the filings the Plaintiff has filed in this case.

15) The Plaintiff has demonstrated and proven the Intent of the Kansas Sexual Predator Act (KSVPA or the Act) as being Punitive, and even more so above and beyond the Plaintiff's Criminal Sentence in the Kansas Department of Corrections (KDOC).

16) The Plaintiff has demonstrated and proven that his time in the Kansas Sexual Predator Treatment Program has always been Punitive, Ex Post Facto, Double Jeopardy and Cruel and Unusual Punishment, most especially so above and beyond the Plaintiff's Criminal Sentence in the Kansas Department of Corrections (KDOC).

17) The Plaintiff has demonstrated and proven that the Kansas Sexual Predator Treatment Program (SPTP) **is not** Care, Therapy, Treatment or Rehabilitation, but rather Punitive, Ex Post Facto, Double Jeopardy, Cruel and Unusual Punishment, most especially so above and beyond the Plaintiff's Care, Therapy, Treatment or Rehabilitation that he received in the KDOC.

18) The Plaintiff has demonstrated and proven that SPTP **does not** possess Due Process, but rather is Punitive, unlike the Plaintiff's Due Process Rights and Protections in the KDOC.

19) The Plaintiff has demonstrated and proven that SPTP **is not** a Therapeutic and/or Treatment Environment and/or **does not meet** the Standards and/or Criteria of the Conditions of Confinement for a Therapeutic, Rehabilitation and/or Treatment Facility or Program, but rather is just as Restrictive and Constrictive and Punitive as the KDOC, which **does not meet** the Standards and/or Criteria of the Conditions of Confinement for a Therapeutic, Rehabilitation and/or Treatment Facility or Program.

20) The Plaintiff has filed and served with this Honorable Court and on all the Defendants and their attorneys the Complaint, Amended Complaint, the Summons, the Temporary Restraining Order, and the Injunction ALL without response from the Defendants and their Counsel.

    A. This violates the Plaintiff's Due Process Rights and causes the Plaintiff to Continuously suffer and be traumatized by the Injuries and the Harm done to him by the Defendants, as the Plaintiff has proven in this case.
    B. The Defendants and their Counsel are past the 20 day time limit, (all except Ms. Kidd) that is on the Plaintiff's Summons.**(the only answer was the one on the last date, 3 out of 4 were missed).**

      I.     This violates the Plaintiff's Due Process Rights and causes the Plaintiff to Continuously suffer and be traumatized by the Injuries and the Harm done to him by the Defendants, as the Plaintiff has proven in this case.

      II.    This also mocks this Honorable Court by violating Due Process and not obeying or adhering to the Statutory and Constitutional obligations of Due Process laid out in the United States Constitution and the Federal Statutes.

21) The Plaintiff has requested an attorney and has preserved this request, as well as all the filings, arguments and exhibits he has made in this case, for appeal.

22) The Plaintiff is still incarcerated and has been for 32 years and the last 28 ½ years in the Custody, Care and Control of SPTP.

    A. This continues while the Defendants do not respond to the filings of the Plaintiff.
    B. The Plaintiff does wonder if the Defendants and their Counsel are just hoping that the Plaintiff will drop this suit or settle to a lesser Prayer for Relief. This is not the Desire or wish of the Plaintiff.
    C. This is Cruel and Unusual Punishment under the 14th Amendment.
    D. This is also the Defendants using the Plaintiff's Prayer for Relief in this suit against him.
    E. This also violates the Plaintiff's Due Process Rights of the 5th and 14th Amendments.
    F. The Defendants have a new Polygraph Policy in use in SPTP where the Plaintiff MUST sign a waiver From for the Polygraph or he will lose his Privilege Level, his Employment if he had one, and will not be able to see the Progress Review Panel.
    G. This also violates the Plaintiff's Due Process Rights of the 5th and 14th Amendments.

23) The Defendants prevent the Plaintiff from having a copy of the Waiver Form or the Polygraph Questionnaire and before administering the Polygraph fail to serve the Plaintiff with a Search Warrant and/or his Miranda Rights despite asking him questions on the Polygraph Questionnaire and the Polygraph Exam **that are Criminal** and not Sexual in Nature.

   A. This also is Cruel and Unusual Punishment and violates the Plaintiff's 5th and 14th Amendments.
   B. The Plaintiff's results and anything put on the Polygraph Questionnaire will be given to all SPTP staff or anyone the Program wishes anywhere across America pursuant to this new Waiver Form.
   C. Polygraphs in SPTP violate K.S.A. 59-29a07 and In re Foster, 280 Kan. 845, 127 P.3d 277, 2006 Kan. LEXIS 6 (Kan. 2006) which states: *Unpublished decision: Because proceedings under the Kansas Sexually Violent Predator Act (KSVPA), Kan. Stat. Ann. 59-29a01 et seq, require proof beyond a reasonable doubt and the respondent is entitled to a unanimous jury verdict that he or she is a sexually violent predator, references to a polygraph examination, polygraph results, any opinion based upon those results **SHOULD BE EXCLUDED.**"*
   D. The Defendants force the Plaintiff to choose between going to class or going to his Religious Callout pursuant to LSH Policy P9-06(11)(e).
   E. This violates the Plaintiff's 1st and 14th Amendment Rights under Cruel and Unusual Punishment.
   F. This also violates SPTP Policy (111)(4) which states *"4.a. No Adverse Action shall be taken against any resident for use of the grievance process **unless** the resident uses the grievance process for any of the above mentioned purposes, and in those instances the program **will consider taking appropriate action against the resident**, which could include issuing a notification and/or referring the matter to Safety/Security. b. No adverse action shall be taken against any employee for good faith participation in the grievance process."*
   G. This then violates K.S.A. 59-29a22(21).
   H. This also violates Kansas v. Hendricks, 521 U.S. 346 for not being Involuntary Civil Commitment or a *"Civil Statutory Scheme with a **non-punitive effect.**"*

24) The Plaintiff understands the gravity and magnitude of this case and the consequences of ruling on this case by this Honorable Court.

    A. The Plaintiff also knows that this is not lost on the Defendants or their Counsel.

25) The Plaintiff humbly states that this Honorable Court is bound by the Due Process Protections of the United States Constitution and the Federal Statutes to:

    A. Grant this Motion for the Plaintiff because the Defendants have failed to prove that this case should be dismissed.
    B. The Plaintiff further thinks by the States most gross Misconduct, abuse, and complete disreguard for his Human, Constitutional, and Civil Rights, it is now the sole duty of this Honorable Court to rule in my favor, as to not do so, would go against everything this Country is suppose to stand for.
    C. Without immediate and full relief would further put my life,limb,and liberty in further jeoperty of the States gross abuses.
    D. The Defendants has completely ignored the time lines and refuse to respond to the Plaintiff, and made a mockery of the Courts by not even answering to the claims against them.
    E. The Defendants has put up no defence, but have only tried to cercomvent the legal system by attempting to dismiss my claim by telling the Courts I used the wrong porcess and I failed to state a claim.
    F. The fact of the matter is that the Defendants actions, conduct, etc.. go way beyond shocking to the conscience and infact borderlines on psychological torture, and Human Rights Violations.

## CONCLUSION

**THEREFORE,** Your Honers, the Plaintiff humbly requests that this Honorable Court grants this Motion for Judgment by Default and hereby orders that the Plaintiff receive the Entirety of his Prayer for Relief:

A. Placing 25 Million Dollars to the Victim Relief Fund, as a statement of my remorse.
B. Sending the 584 Million Dollars to my Financial Power of Attorney Mr Craig Cummins, 907 Santa Fe Street Atchison, Kansas 66002,
C. Be released immediately along with the rest of my Prayer for relief within 10 business days of the ruling of this Honorable Court.

Respectfully Submitted,

Kenneth Mark Hay
1301 Kansas Highway 264
Larned, Kansas 67550
620-285-4660 extension 4

Elizabeth Keller
1/25/24
Notary Public Signature

ELIZABETH ANN KELLER
My Appointment Expires
May 4, 2027

Notary Seal/Stamp

## CERTIFICATE OF SERVICE

I, _Kenneth Mark Hay_, hereby certify that a true and correct copy of this Motion for Reconsideration of Hearing and Motion to Deny Defendants Motion to Dismiss was sent, by U.S. Mail, postage prepaid, on this day of of 20__, to the following:

United States District Courthouse
**C/O Clerk of the District Court**
444 S.E. Quincy
490 U.S. Courthouse
Topeka, Kansas 66683

Kansas Attorney General's Office
**C/O Mr. David Davies**
120 S.w. 10Th Street, 2nd Floor
Topeka, Kansas 66612

Kansas Department for the Aging & Disability Services
**C/O Mr Jared T. Langford**
503 South Kansas Avenue
Topeka, Kansas 66603

Ms. Lesia Dipeman
1301 Kansas Highway 264
Larned, Kansas 67550

Ms. Keri Applequest
1301 Kansas Highway 264
Larned, Kansas 67550

Ms. Haleigh Bennett
1301 Kansas Highway 264
Larned, Kansas 67550

Ms. Linda Kidd
1301 Kansas Highway 264
Larned, Kansas 67550

Respectfully Submitted,

_Kenneth Mark Hay_
Kenneth Mark Hay
1301 Kansas Highway 264
Larned, Kansas 67550
620-285-4660 extension 4

ELIZABETH ANN KELLER
My Appointment Expires
May 4, 2027

Notary Seal/Stamp

_Elizabeth Keller_
Notary Public Signature 1/25/24