## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**KENNETH MARK HAY,**            )
                                )
              **Plaintiff,**     )
                                )
**v.**                          )          **Case. No. 23-3175-HLT-GEB**
                                )
**KERI APPLEQUIST,** *et al.,*   )
                                )
              **Defendants.**    )
_____ )

### DEFENDANTS' MOTION TO STRIKE

Defendants Keri Applequist, Lesia Dipman, Lindsey Dinkel, Haleigh Bennett, and Linda Kidd ("Defendants") respectfully request that the Court strike Plaintiff Kenneth Mark Hay's Motion for Judgment by Default (Doc. 23) under Federal Rules of Civil Procedure 5(b)(1) for failure (and open refusal) to properly serve it on Defendants. Defendants state the following in support.

Plaintiff Hay has not served any documents in this case on the undersigned counsel as required by Rule 5(b)(1). Fed. R. Civ. P. 5(b)(1) ("If a party is represented by an attorney, service under this rule *must* be made on the attorney unless the court orders service on the party." (emphasis added)). Instead, Hay has been serving filings on the individual defendants (at their business addresses) and on attorneys not involved with this case. (*See, e.g.,* Doc. 23 at 11; Doc. 18 at 5.) On November 8, 2023, the undersigned counsel sent to Hay the letter attached as Exhibit A, pointing out the issue and requesting that Hay properly serve future filings in this case on the undersigned in accordance with Rule 5(b)(1). On November 18, 2023, Hay openly refused in writing to do so. Specifically, he wrote to Sexual Predator Treatment Program (SPTP) staff in a resident request form (included in Exhibit B):

The Attorney General is very upset that I am using the defendants' work address[es] to communicate with them. The Attorney General wants me to communicate directly with him. However, his office is who put me here so that is not going to happen. Until I get the Attorney I asked for.[1]

A *pro se* litigant is expected to adhere to the same rules of procedure that govern any other litigant in this circuit. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Although the Court may "make some allowances for the pro se plaintiff's . . . unfamiliarity with pleading requirements," *id.*, there is no excuse for even a *pro se* litigant to refuse to follow this Court's rules. *Merryfield v. Kansas*, 09-3140, 2009 WL 3125470, at *8 n.21 (D. Kan. Sept. 25, 2009) (saying that a *pro se* litigant may not simply neglect, ignore, or refuse to follow rules and procedures). Accordingly, Defendants request that the Court strike Hay's Motion for Judgment by Default (Doc. 23) for failure (and open refusal) to properly serve it on Defendants. *See Leggett v. Lafayette*, 608 F. App'x 187, 191 (5th Cir. 2015) (affirming a district court's order striking a document for improper service under Rule 5); *Tonnesen v. Marlin Yacht Mfg., Inc.*, 171 F. App'x 810, 814-15 (11th Cir. 2006) (reversing a district court for not striking a document for improper service under Rule 5).

Alternatively, Defendants request that the Court formally warn Hay that he must comply with the Court's rules and procedures, including serving documents upon opposing counsel.[2]

---

[1] The undersigned counsel has not had any further correspondence with the Plaintiff regarding this matter than what is included in Exhibit A, so the undersigned is unsure why Plaintiff believes the undersigned was "very upset."

[2] *See Lynn v. Roberts*, No. 03-3464-JAR, 2005 WL 3087841, at *4 (D. Kan. Nov. 1, 2005) ("the Court reminds petitioner that he is required to serve upon the respondents a copy of *every* pleading, motion, or other paper that he files with the Court. Serving documents upon opposing counsel is petitioner's responsibility and not the responsibility of the Court or the Clerk's office. . . . Petitioner's failure to comply with these instructions in the future, should he file additional pleadings, will result in the Court's striking such pleadings, motions, or other papers." (emphasis in original)).

Hay's motion, if not stricken, should be denied because there has been no entry of default sought or entered under Rule 55(a) (*see* Doc. 19) and because Defendants have filed a timely motion under Rule 12(b) and § 1915(e) (Doc. 21), which counts as an effort to otherwise defend under Rule 55(a). *Landrith v. Gariglietti*, 505 F. App'x 701, 703 (10th Cir. 2012).

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

/s/ Matthew L. Shoger
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of February, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy served by means of first-class mail, postage prepaid, addressed to:

Kenneth Mark Hay
Larned State Hospital
1301 KS Highway 264
Larned, KS 67550
*Plaintiff, pro se*

/s/ Matthew L. Shoger
Matthew L. Shoger
Assistant Attorney General