IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENNETH MARK HAY,<br><br>**Plaintiff,**<br><br>v.<br><br>KERI APPLEQUIST, et al.,<br><br>**Defendants.** | Case No. 5:23-cv-03175-HLT-GEB |

# ORDER

Plaintiff Kenneth Mark Hay brings this § 1983 action pro se against various staff at Larned State Hospital.[1] He seeks compensatory and punitive damages, as well as injunctive relief. The case is before the Court on Plaintiff's Motion for Judgment by Default. Doc. 23. The motion states Plaintiff is entitled to relief and that the Court has not sua sponte dismissed the case against Defendants, and thus "Defendants have no case." *Id.* at 4. Plaintiff contends he has served all parties and that the time to respond has passed without response. *Id.* at 5-6. In response, Defendants move to strike Plaintiff's motion because Plaintiff has not served any documents in the case on Defendants' counsel as required by Federal Rule of Civil Procedure 5(b)(1). Doc. 24.[2] Defendants also argue a motion for default judgment is premature because no entry of default has been entered and Defendants have timely filed a motion under Federal Rule of Civil Procedure 12. *Id.* at 3.

The Court denies Plaintiff's motion and denies Defendants' motion as moot. Plaintiff's motion for default judgment is premature and not supported. No entry of default has been entered

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate. *Id.*

[2] The docket reflects that Defendants' counsel does receive electronic notices of all filings through the Court's CM/ECF system.

under Federal Rule of Civil Procedure 55(a), which must occur before a party can seek default judgment. *See Wells Fargo Clearing Servs., LLC. v. Kleinmann*, 2021 WL 7542469, at *1 (D. Kan. 2021). Further, Defendants are not in default. They have filed a motion for insufficient service under Federal Rule of Civil Procedure 12(b)(5) and for screening of the complaint under 28 U.S.C. § 1915(e)(2)(B), which is currently pending. Doc. 21. Thus, to the extent Plaintiff seeks default judgment, his motion is denied. To the extent Plaintiff's motion seeks other relief, the Court finds it is not warranted and denies it. In light of the denial of Plaintiff's motion, the Court denies Defendants' motion to strike as moot.

The Court reminds Plaintiff of his obligations in this case. He initiated this action against Defendants, and Defendants are represented by counsel. Any communication Plaintiff wishes to have with Defendants should be through their counsel. And any communications with the Court must include Defendants' counsel. These are routine requirements of litigation and Plaintiff may not unilaterally decide to not adhere to them.[3] The Court also reminds Plaintiff that he is expected to comply with the federal and local rules despite his pro se status.

THE COURT THEREFORE ORDERS that Plaintiff's Motion for Judgment by Default (Doc. 23) is DENIED.

THE COURT FURTHER ORDERS that Defendants' Motion to Strike (Doc. 24) is DENIED AS MOOT in light of the denial of Plaintiff's motion.

IT IS SO ORDERED.

Dated: February 8, 2024            /s/ *Holly L. Teeter*
                                   HOLLY L. TEETER
                                   UNITED STATES DISTRICT JUDGE

---

[3] The Court also notes that Plaintiff has previously filed a motion for judgment by default. Doc. 18. The undersigned denied that motion, noting that no entry of default had been sought or entered and that the motion was premature. Doc. 19. The Court is mindful that Plaintiff is pro se but cautions him that repetitive unmeritorious filings may lead to sanctions, including filing restrictions, monetary sanctions, or even eventual dismissal of this case.