IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KENNETH MARK HAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Case No. 23-3175-JWL |
| ) | |
| **KERI APPLEQUIST, et al.,** ) | |
| **Defendants.** ) | |
| ) | |
| ) | |
| ) | |

### ORDER

This matter is before the Court on Plaintiff Kenneth Mark Hay's Motion for Appointment of Counsel pursuant to 28 U.S.C. 1915(e)(1) ("Motion") **(ECF No. 10)**. For the reasons outlined below, Plaintiffs motion in **DENIED** without prejudice as to refiling.

For parties who proceed *in forma pauperis*, 28 U.S.C. 1915(e)(1) gives the Court discretionary authority to "request an attorney to represent any person unable to afford counsel."[1] However, there is no constitutional right to counsel in civil actions.[2] In exercising its discretion, the Court considers multiple factors when deciding whether to appoint counsel for an indigent party.[3] In *Castner v. Colo. Springs Cablevision*,[4] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to

---

[1] 28 U.S.C. 1915(e)(1); *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).
[2] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case)).
[3] *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[4] *Castner*, 979 F.2d at 1422.

1

appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations of discrimination; and (4) a plaintiff's capacity to present the case without counsel.

The Court's must use their appointment thoughtfully and prudently so willing counsel may be located.[5] However, the Court must also consider the increase in *pro se* filings and the limited number of attorneys willing to accept pro bono appointment.[6] Regarding the second *Castner* factor, a plaintiff's diligence in attempting to secure counsel, the Court typically requires a party meet and confer with at least five attorneys regarding the case.[7]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff. Plaintiff has satisfied the first prong of the *Castner* analysis – he is unable to afford counsel, as established in his Motion to Proceed *in forma pauperis*.[8]

Plaintiff fails the second factor. His motion does not demonstrate any efforts to obtain counsel.[9] The Court understands Plaintiff's custodial constraints and does not decide the motion on this factor alone. However, Plaintiff makes no claims in his motion he lacks access to the means needed to contact potential attorneys. The Court is hopeful with time and diligence, Plaintiff may secure an attorney to represent him. The Court is more inclined

---

[5] *Castner*, 979 F.2d at 1421.
[6] *Jackson*, 2014 WL 494789, at *3.
[7] *Id*., at *2.
[8] ECF No. 3, *sealed*.
[9] ECF no. 10.

to weigh this factor in favor of Plaintiffs, who have met and conferred with at least five attorneys regarding the case.[10]

The third factor of *Castner* requires the Court find Plaintiff has stated a valid claim.[11] The Court has reviewed the allegations of Plaintiff's Amended Petition and has recommended the dismissal of certain claims. Additional claims require additional briefing. The Court cannot, at this juncture, assess whether any of Plaintiff's claims will survive.

Plaintiff fails the fourth factor -- the plaintiff's capacity to prepare and present the case without the aid of counsel, at this time. There is no indication, at least in this early stage of litigation, Plaintiff cannot adequately represent himself. To date Plaintiff has successfully amended his complaint. His filings reflect some understanding of court rules and procedures, and the relevant law. His pleadings and motions appear well-formulated, organized, and coherent. Additionally, the need for counsel at trial is premature at this time.

The Court is cognizant, "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary" as the case moves forward.[12] Postponing a decision to appoint counsel at this early stage allows the Court to gain more information about the merits of Plaintiff's claims and his ability to assert them.[13] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the

---

[10] *Jackson*, 2014 WL 494789, at *2.
[11] *Castner*, 979 F.2d at 1422.
[12] *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing Ficken v. Alvarez, 146 F.3d 978, 981 (D.C.Cir.1998)).
[13] *Id.*

decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[14]

For the reasons outlined above, Plaintiff Kenneth Mark Hay's Motion for Appointment of Counsel Pursuant to 23 USC § 1915(e)(1) **(ECF No. 10)** is **DENIED** without prejudice as to refiling as the case continues to go forward.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 22nd day of July 2024.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[14] *Zillner v. Brennan*, No. 15-9904-DDC, 2016 WL 81229, at *3 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).