**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **KENNETH MARK HAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 23-3175-HLT-GEB** |
| | ) | |
| **KERI APPLEQUIST, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER AND**
**REPORT AND RECOMMENDATION**

This matter comes before the Court on Defendants' Motion to Quash Service and for Court Review of the Amended Complaint **(ECF No. 21)** ("Motion"). Defendants Keri Applequist, Lesia Dipman,[1] Haleigh Bennett, and Linda Kidd request service on them in their individual capacities be quashed under Fed. R. Civ. P. 12(b)(b)(5). These four Defendants along with Defendant Lindsey Dinkel[2] ("Defendants") ask the Court to screen Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set

[1] Plaintiff's Amended Complaint misspells Ms. Dipman's last name as Dipeman.

[2] Per Defendants' Motion, Defendant Lesia Dipman retired on September 15, 2023 and she was succeeded as Superintendent of Larned State Hospital by Lindsey Dinkel. Ms. Dipman was sued in her individual and official capacities. The claims against Ms. Dipman in her individual capacity remain. However, pursuant to Fed. R. Civ. P. 25(d) when a public officer, who is a party in her official capacity ceases to hold office while the action is pending, the officer's successor is automatically substituted as a party. Therefore, by rule Defendant Lindsey Dinkel automatically substituted as Defendant for all claims brought against Ms. Dipman in her official capacity when Ms. Dinkel became Superintendent of Larned State Hospital. *Moore v. Kobach*, 359 F.Supp.3d 1029, 1032 (D. Kan. 2019).

forth below, the Court **GRANTS in part and DENIES in part** Defendants' Motion and screens Plaintiff's Amended Complaint.

## I. Background

Plaintiff was civilly committed to the Sexual Predator Treatment Program at Larned State Hospital in 1995. He filed his initial Complaint attaching a Financial Certificate.[3] He did not initially submit a Motion to Proceed In Forma Pauperis ("IFP Motion"). He was notified of the deficiency and was directed to either submit the filing fee or file an IFP Motion by August 4, 2023.[4] Plaintiff timely submitted an IFP Motion[5] which was granted by District Judge John W. Lungstrum.[6] Just 10 days after filing his initial Complaint, Plaintiff filed a Motion to Amend Complaint.[7] Because Plaintiff filed his Motion to Amend within the period where a party may amend his pleading as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A), the Court found as moot his Motion to Amend and set a deadline of August 16, 2023 to file his Amended Complaint;[8] which he timely did.[9] The Amended Complaint raises various claims pursuant to 42 U.S.C. § 1983.

Thereafter, the Court ordered the Clerk of Court to undertake service of process pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).[10] Defendants Keri Applequist, Lesia Dipman, Haleigh Bennett, and Linda Kidd were all served by certified mail, return

---

[3] ECF No. 1.
[4] ECF No. 2.
[5] ECF No. 3.
[6] ECF No. 5.
[7] ECF No. 4.
[8] ECF No. 7.
[9] ECF No. 8.
[10] ECF No. 9.

receipt requested at the address provided for all in the Amended Complaint.[11] The address provided was Larned State Hospital, Sexually Violent Predator Program at 1301 Kansas Highway 264, Larned, Kansas.[12]

## II. Motion to Screen Amended Complaint

Defendants ask the Court to screen Plaintiff's Amended Complaint on the merits. 28 U.S.C. § 1915 requires a court to screen the complaint of a party seeking to proceed without prepayment of fees. "Section 1915(e) applies to all in forma pauperis litigants, including non-prisoners."[13] Nothing in the language of § 1915(e)(2) "*requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status."[14]

Sua sponte dismissal of the case is required if a court determines the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.[15] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."[16] Where it does not appear the District Judge screened the case on the merits prior to his Order granting Plaintiff's Motion to Proceed In Forma Pauperis, the Court **GRANTS** Defendants' motion to screen Plaintiff's

---

[11] ECF Nos. 12-14 and 17.
[12] ECF No. 8 at 2-3.
[13] *Fry v. Beezley*, No. 10-3050-SAC, 2010 WL 1371644, at *1 (D. Kan. April 6, 2010) (citing *Fogle v. Pierson*, 435 F.3d 1252, 1257–58 (10th Cir.2006), *cert. denied*, 127 S.Ct. 675 (2006); *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir.2005)).
[14] *Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012).
[15] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).
[16] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).

Amended Complaint. Before reviewing Plaintiff's Amended Complaint, the Court will first address Defendants' motion to quash service.

**III. Motion to Quash Service**

Defendants Applequist, Dipman, Bennett, and Kidd ask the Court to quash Plaintiff's service on them in their individual capacities as improper. A defendant may move to dismiss for insufficient service pursuant to Fed. R. Civ. P. 12(b)(5). "Before a court can exercise personal jurisdiction over a defendant, the plaintiff must have served process validly under Federal Rule of Civil Procedure 4."[17] These Defendants were served by certified mail, return receipt requested at the address Plaintiff provided for them in his Amended Complaint; Larned State Hospital, Sexually Violent Predator Program at 1301 Kansas Highway 264, Larned, Kansas.

Fed. R. Civ. P. 4(e) governs service upon an individual within the District. It provides an individual may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located" or by any of the following: 1) delivering a copy of the summons and complaint to the individual personally; 2) by leaving a copy at the individual's dwelling or usual place of abode with someone…who resides there; or 3) delivering a copy to an agent authorized by appointment or by law to receive service of process. "A pro se plaintiff must still comply with Rule 4 and Kansas law for service of process."[18] Kansas law permits return receipt

---

[17] *Wanjiku v. Johnson Cnty.*, 173 F.Supp.3d 1217, 1223 (D. Kan. 2016).
[18] *Id.* at 1228 (citing *Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F.Supp. 1331, 1350 (D. Kan. 1994)).

delivery upon an individual, but it must, at least initially, "be addressed to an individual at the individual's dwelling or usual place of abode."[19] Only if the party "files a return of service stating that the return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed and that a business address is known for the individual" may the party "complete service by return receipt delivery, addressed to the individual at the individual's business address."[20]

Here Plaintiff did not provide a residential address to the clerk for service thus no residential service was attempted. Plaintiff has filed no return of service show residential service was refused or unclaimed. Thus, he has not complied with Kansas law for serving an individual at a business address. Neither has Plaintiff personally served Defendants Applequist, Dipman, Bennett, and Kidd personally, by leaving a copy at their dwelling, or delivering a copy to an agent authorized to receive service of process. The Court finds Plaintiff has neither complied with state or federal law regarding service of process upon these individual Defendants.

The Court understands it may, in its discretion, extend the deadline for Plaintiff to serve Defendants Applequist, Dipman, Bennett, and Kidd in their individual capacity.[21] The Court declines to do so here and instead will recommend the dismissal of Plaintiff's

---

[19] K.S.A. § 60-304 (a).

[20] *Id.; see also Oltremari*, 871 F.Supp. at 1349 (service by certified mail at a business address is allowed only after a return of service is filed stating the certified mailing to the individual has been refused or unclaimed); *Wanjiku v. Johnson Cnty.*, No. 14-2001-RDR, 2014 WL 821285, at *2 (D. Kan. Mar. 3, 2014) (§ 60-304 (a) does not permit service by certified mail to business address unless the certified mail sent to the individual's dwelling is refused or unclaimed).

[21] *Wanjiku*, 173 F.Supp.3d at 1331.

claims against them as discussed in the Report and Recommendation section below. Even if Plaintiff had complied with the required service requirements, as discussed in section IV(b)(iii) below, the Court concludes Plaintiff has failed to state a plausible claim against them pursuant to § 1983. Therefore, the Court **DENIES** Defendants' Motion to Quash.

## IV. Review of Plaintiff's Amended Complaint

In his Amended Complaint, Plaintiff raises claims under 42 U.S.C. § 1983 regarding violation of his constitutional rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments including violation of the following rights: 1) due process rights, 2) prohibition against double jeopardy and ex post facto laws, 3) freedom of speech, 4) protection from cruel and unusual punishment, and 5) equal protection under the law. These claims attack the Kansas Sexually Violent Predator Act ("KSVPA") as originally enacted. Plaintiff alleges the Sexual Predator Treatment Program ("SPTP") was never intended to provide therapy, treatment, care, and rehabilitation. He additionally alleges the SPTP has changed in nature in the time he has been committed and is no longer a civil commitment, but is punitive in nature and therefore violates his constitutional rights as set out above.

### a. Notice

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

**b. Recommendation of Dismissal of Certain Claims**

As set forth above, in screening a complaint pursuant to 28 U.S.C. § 1915, sua sponte dismissal is required if a court determines the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.[22] Court reviews the sufficiency of Plaintiff's Complaint under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[23]

**i. Claims Attacking the Constitutionality of the KSVPA and SPTP and Lack of Due Process in Plaintiff's Civil Commitment**

In the section of his Amended Complaint titled "Legislative Intent," Plaintiff alleges the KSVPA and SPTP were never intended to provide therapy and treatment making both unconstitutional. In support of this argument, he sets forth information from oversight hearings on Senate Bill 525 regarding whether the KSVPA would become law, the efforts to pass the KSVPA, and from his civil commitment proceedings. And in the section titled "Due Process," alleges various violations of his due process rights, most relating to his completion of programs in the SPTP and his annual review since his time of commitment. However, he also references how long he was in jail prior to his civil commitment and therefore appears to raise a claim of violation of due process during his civil commitment proceedings.

---

[22] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).
[23] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

The Kansas Supreme Court has addressed Plaintiff's arguments regarding whether due process was provided to him during his commitment proceedings along with Plaintiff's arguments regarding the constitutionality of KSVPA and SPTP and any violation of his constitutional rights by being civilly committed, denying all his claims.[24] The Court finds the *Rooker-Feldman* doctrine bars these claims from being reheard here.

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'"[25] The doctrine is applicable "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court."[26] To permit a lower federal court to hear these claims "would contravene 28 U.S.C. § 1257, which confers jurisdiction only on the Supreme Court to hear appeals from final state-court judgments."[27] The doctrine thus precludes federal district courts "from exercising appellate jurisdiction over final state-court judgments."[28]

The Kansas Supreme Court addressed each of the constitutional violations Plaintiff alleges here in the Legislative Intent section of the Amended Complaint along with his claim he was denied due process in his commitment proceedings in their opinion on his appeal from his commitment proceedings. Each was denied, specifically his claims of, 1)

---

[24] *In the Matter of the Care and Treatment of Kenneth M. Hay*, 263 Kan. 822, (1998).
[25] *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).
[26] *Id.* at 466.
[27] *Merryfield v. Howard*, No. 21-3255-DDC, 2023 WL 2682353, at *6 (D. Kan. Mar. 29, 2023)(citing *Lance*, 546 U.S. at 463)).
[28] *Lance,* 546 U.S. at 463.

due process rights,[29] 2) prohibition against double jeopardy and ex post facto laws,[30] 3) protection from cruel and unusual punishment,[31] and 4) equal protection under the law.[32] The *Rooker-Feldman* doctrine prevents the Court from rehearing these issues. Therefore, Plaintiff fails to state a claim upon which relief may be granted and the Court recommends Plaintiff's claims in the Legislative Intent section of his Amended Complaint along with any claims related to due process during his commitment proceedings in the Due Process section of the Amended Complaint be dismissed.

**ii. Freedom of Speech**

Plaintiff in the opening paragraph of his Amended Complaint alleges he brings the case pursuant to 42 U.S.C. § 1983 for Defendants violation of various constitutional rights including "freedom of speech rights." There is no further mention of this right or any fact set forth alleging a violation of right of freedom of speech. Plaintiff "must allege sufficient facts to state a claim which is plausible—*rather than merely conceivable*—on its face."[33]

---

[29] *Matter of Hay*, 263 Kan. at 829 (KSVPA does not violate substantive due process.) (citing *Kansas v. Hendricks*, 117 S.Ct. 2072, 2087-88 (1997)); *Id.* at 831-32 (The obligations of procedural due process are clearly satisfied by the KSVPA).

[30] *Id.* at 829 ("We therefore hold that the Act [KSVPA] does not establish criminal proceedings and that involuntary confinement pursuant to the Act is not punitive. Our conclusion that the Act is nonpunitive thus removes an essential prerequisite for both Hendricks' double jeopardy and *ex post facto* claims.")(quoting *Kansas v. Hendricks*, 117 S.Ct. at 2085).

[31] *Id.* at 834 ("[T]here exists no basis for Hay's argument that the Act [KSVPA] violates the prohibition against cruel and unusual punishment where commitment proceedings under the Act have been clearly held to be civil in nature, not criminal or punitive. This issue is without merit and requires no further comment.)

[32] *Id.* at 674-75 (Where the tests for determining the constitutionality of a statute under due process and equal protection grounds with nearly identical factors, the decision in *Kansas v. Hendricks* the KSVPA does not violated substantive due process indicates the Act survives equal protection scrutiny as well.)

[33] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).

Pursuant to Fed. R. Civ. P. 8(a)(2) a complaint must provide a "short and plain statement of the claims showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief beyond the speculative level."[34] Plaintiff proceeds pro se, thus his pleadings must be construed liberally.[35] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[36] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[37] Fed. R. Civ. P. 8 "demands more than naked assertions."[38]

On review of the Amended Complaint regarding Plaintiff's claim Defendants violated his constitutionally protected right to freedom of speech, the Court concludes there is an insufficient factual basis to raise the right to relief above the speculative level. Because Plaintiff is proceeding pro se, the Court has "tried to discern the kernel of the issues [] he wishes to present. . . ."[39] However, Plaintiff fails to provide any factual support for his allegations that Defendants' actions violated his right to freedom of speech. Plaintiff's Amended Complaint fails to allege facts to support a cognizable claim. The Court recommends Plaintiff's claim regarding violation of his freedom of speech be dismissed.

---

[34] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).
[35] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[36] *Id.*
[37] *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).
[38] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).
[39] *Mays* at 796.

### iii. Claims Against Defendants in Their Individual Capacities

Plaintiff brings his claims against Defendants Keri Applequist, Lesia Dipman, Haleigh Bennet, and Linda Kidd in both their individual and official capacities. For each of these Defendants, Plaintiff makes the same statement, i.e., Defendant "is responsible for promulgating and implementing policies and procedures within SPTP." Throughout the Amended Complaint, Plaintiff sets forth various alleged facts regarding changes to the SPTP and his treatment therein. He alleges the SPTP with these conditions is no longer constitutional and violates his rights. None of these facts are tied to any action or decision of any of these Defendants. To the extent Plaintiff claims any of these Defendants took the alleged actions themselves, the Court concludes there is an insufficient factual basis to raise the right to relief above the speculative level.

However, if Plaintiff claims these Defendants are responsible for actions taken by their subordinates, he makes no affirmative link between Defendants Applequist, Dipman, Bennet, and Kidd and the alleged constitutional violation as is required to hold them liable for any alleged acts of their subordinates.[40] "The 'affirmative link' requirement has 'three related prongs: (1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind.'"[41] Plaintiff's individual capacity theory fails on the first prong. His Amended Complaint never alleges any personal participation by Defendants Applequist, Dipman, Bennet, and Kidd in the alleged constitutional violations. The failure to meet the

---

[40] *Merryfield v. Howard*, No. 21-3255-DDC-KGG, 2023 WL 2682353, at *5 (D. Kan. Mar. 29, 2023), *aff'd,* No. 23-3060, 2024 WL 358241 (10th Cir. Jan. 31, 2024) (citing *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010)).
[41] *Id.*

first prong negates the need to consider the second or third prongs. "Because without 'personal involvement' allegations, whether plaintiff can demonstrate a 'casual connection' and 'state of mind' doesn't matter."[42] Plaintiff fails to state a plausible claim under § 1983 against Defendants Applequist, Dipman, Bennet, and Kidd in their individual capacities. The Court, therefore, recommends all claims against these Defendants in their individual capacities be dismissed and where Defendant Dipman was automatically substituted by her successor Defendant Lindsey Dinkel,[43] for any claims against her in her professional capacity, recommends Defendant Dipman be dismissed from this action.

### c. Further Briefing Required on Remaining Claims

Regarding the claims in the sections of Plaintiff's Amended Complaint titled "Confinement/Incarceration," "Treatment/Therapy/Care," and "Due Process," excluding any claim regarding lack of due process in his commitment proceedings addressed above, the Court has conducted an initial screening of the Amended Complaint and finds a responsive pleading is necessary. The Court therefore orders Defendants to file a responsive pleading within 21 days following the District Judge's order on this Report and Recommendation, if applicable.

## V. Conclusion

For the reasons set forth above, the Court grants in part and denies in part Defendants' Motion. Specifically, the Court orders the following:

---

[42] *Id.* at *5.
[43] See fn 2, *supra*.

- The Court **GRANTS** Defendants' motion to screen Plaintiff's Amended Complaint.
- The Court **DENIES** Defendants' Motion to Quash.
- Defendants shall file a responsive pleading within 21 days following the District Judge's order on this Report and Recommendation, if applicable.

**IT IS THEREFORE ORDERED** Defendant's Motion to Quash Service and for Court Review of the Amended Complaint **(ECF No. 21)** is **GRANTED in part and DENIED in part.**

Further, **IT IS THEREFORE RECOMMENDED** Plaintiff's claims attacking the constitutionality of the KSVPA and SPTP and claimed lack of due process in Plaintiff's civil commitment set forth in the sections of his Amended Complaint titled "Legislative Intent" and "Due Process;" claim regarding violation of his right to freedom of speech; and all claims against Defendants Keri Applequist, Lesia Dipman, Haleigh Bennet, and Linda Kidd in their individual capacities be dismissed for failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER RECOMMENDED** Defendant Lesia Dipman be dismissed from this action.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 22nd day of July 2024.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge