

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COURT OF KANSAS**

KENNETH MARK HAY,    )
          Plaintiff,  )    **PLAINTIFF's OBJECTION TO THE ORDER,**
                )    **REPORT AND RECOMMENDATION**
                )
Versus             )
                )
                )    <u>**CASE NO. 5:23-CV-03175-HLT-GEB**</u>
Ms. Keri Applequist, et al.,  )
      Defendants,  )

<u>**PLAINTIFF's OBJECTION TO THE ORDER, REPORT AND RECOMMENDATION**</u>

     **COMES NOW,** the Plaintiff, Mr. Kenneth Mark Hay, by and through himself, Pro Se, before this Honorable Court to file this Objection to the Order, Report and Recommendation pursuant to <u>*28 U.S.C. § 636 (b)(1)*</u> and <u>*Fed. R. Civ. P. 72(b)(2)*</u> within (14) days after the Plaintiff was served a copy of this Report and Recommendation by the Court.

     The Plaintiff offers the following in support of his Objection:

1. He has timely and properly filed his Objection with the Court and the opposing party in this case.

2. The Plaintiff has not committed an act of sexual violence since 1991.

    a. Pursuant to the DSM-V-TR that means that he is in Full and Complete Remission because it has been over 10 years since he has shown any symptoms of his mental abnormality or personality disorder.

3. The Plaintiff served all the Defendants a copy of every filing in this case at their Business Address because SPTP and LSH refused to provide the Plaintiff with the Defendants Residence Address.

    a. In fact the Plaintiff sent a Request Form to Mr. Gabriel Rop (SPTP Administrative Program Director) asking for the Residenial Address of each Defendant and Mr. Rop stated, *"This will not be provided."*

b. Despite or Inspite of the Plaintiff sending the filings to the Defendant's Business Address rather than their Residential Address this Court still is going to screen the Plaintiff's complaint and allow the Defendant's to respond to his complaint.

4. Twice now the Plaintiff has received certified mail from this Court and both times the Plaintiff was prevented by SPTP and LSH (the Defendants) from signing the certified form attached to the mailings by the United States Postal Service. This is a Federal Offense and a violation of the Plaintiff's Due Process Rights.

5. The spelling of Ms. Lesia Dipman's name is irrelevant because Ms. Haleigh Bennett is now Ms. Haleigh Turner and neither the Court nor the Defendants have clarified that as of yet.

6. The Plaintiff requested an Independent Evaluation with Dr. Mitchell Flesher, Ph.D., J.D pursuant to *K.S.A. 59-29a08(c) and K.S.A. 60-235* on Friday, July 26, 2024 from Honorable Judge Ryan in Johnson County.

   a. Dr. Flesher is the State of Kansas Evaluator for the SVP screening at Isaac Ray.

7. The Plaintiff has only had 3 Annual Review Hearings in his 29 years in SPTP and this is not Due Process.

   a. *K.S.A. 59-29a01(b)* states that timelines in the KSVPA are guidelines and not mandatory. This is not Due Process.

8. The Court must remember and so must the Defendants that the Plaintiff must prove beyond a reasonable doubt that a Statute or an Act in the State of Kansas is clearly Unconstitutional before it can be stricken down.

   a. The Legislative Intent of the Kansas Sexually Violent Predator Act and the Kansas Sexual Predator Treatment Program must be proven clearly unconstitutional because the Court is to construe that the Legislature meant for the Statute and Act to be Constitutional.

      i. This is what the Plaintiff's Exhibits clearly proves and this has been ignored.

      ii. The Plaintiff's Exhibits are also found in *In Re Care and Treatment of Hendricks,* 259 Kan. 246 and in *Kansas v. Hendricks,* 521 U.S. 346.

9. Senate Bill 525 became the KSVPA and SPTP and therefore the Plaintiff MUST use those exhibits to clearly prove that Care, Therapy, Treatment and Rehabilitation was not the Legislative Intent of the Act or the Program, but continued confinement and punishment.

   a. Ms. Carla Stovall testified on March 22, 1994 before the Honorable Jerry Moran's Kansas House Judiciary Committee on S.B. 525, *"a knot would always grow in my stomach. I knew the rapists or child molesters were being turned loose on an unsuspecting public to offend. I knew there was at least one woman or one child, but probably more, who were going to fall victim to this animal. It was as certain as the sun rising the next morning. And there was nothing I could do to prevent it. That was the sickening thing. We were condoning the future victimization – permitting it – allowing it. Because we couldn't stop it."*

   b. Ms. Stovall continued to testify by opining, *"The situation in Kansas is no better with sentencing guidelines than under indeterminate sentencing. The lesson is that under guidelines fewer child sexual abuse crimes will result in incarceration because of the high number which carry presumed probation. This Bill (Senate Bill 525) would allow us to stop the sure and certain victimization. It would allow us to kept the Sexually Violent Offenders Locked Up INDEFINATELY. This is our OBLIGATION to provide for Public Safety in this way."*

   c. Mr. Paul Morrison stated, *"And finally consider Kenneth Hay. He is currently serving time in a Kansas State Correctional Facility for luring small girls to his automobile and masturbating in front of them."*

   d. Mr. Jim Blaufuss stated before the Kansas House Judiciary Committee in March 1994, *"The most effective way to protect women and children from sex offenders is to send them to prison for the rest of their life. At this time a life sentence without parole is not possible. I do not believe anyone is willing to sacrifice a loved one in the hope that a sex offender should have another chance to start a new life. There is no known TREATMENT that will change the Behavior of these Violent Felons."*

e. Ms. Donna Whiteman, Secretary of SRS in 1994 testified in March 1994 to the Kansas House Judiciary Committee: *"Currently, the State Security Hospital at Larned, Kansas has approximately 30 available beds. The first year of Mental Health Reform downsizing closed 30 adult beds, which allowed us to correct overcrowding on the Security Behavior Ward, but created no new available beds. The final two years of reform could make from 40 to 60 new beds available, assuming appropriate remodeling. Should the expected bed need created by S.B. 525 exceed 70 to 90 beds a new facility would be required."*

f. Ms. Donna Whiteman continued to testify by stating: *"If the process requires professionals to state a Sexual Predator is CURED or NOT likely to repeat acts of violence before a person is Discharged, the professionals will not make such statements which might place their reputations and licenses on the line. This means the patients may never be released."*

g. The "Therapists" of SPTP are Social Workers. They are Licensed and Certified with the Kansas Behavioral Sciences Regulatory Board in Topeka, Kansas. However, Mr. David Fye, J.D., the Executive Director of the BSRB said in a letter to Mr. Davis on March 21, 2023: *"You asked for the requirements in the State of Kansas for Sex Offender and/or Sexual Predator Treatment/Therapy. Response: We do not have this information."*

h. Mr. Fye continued to opine in the same letter with: *"You asked for the Standard for Sex Offender and/or Sexual Predator Treatment/Therapy in the State of Kansas and the United States. You asked whether the Sexual Predator Treatment Program at Larned State Hospital meets this and why? Response: We do not have this information to answer your questions and are unable to provide legal advice."*

10. Being incarcerated in the Johnson County Jail before his Civil Commitment to the SPTP is part of the KSVPA. *(Please see K.S.A. 59-29a05(b).)*

a. Therefore the Plaintiff gets to use this as part of his Legislative Intent argument and Due Process argument against the Defendants.

11. The *Rooker-Feldman* doctrine is overridden by the fact and ruling that the Kansas Supreme Court has found the KSVPA and SPTP Unconstitutional TWICE. Both in *In Re Care and Treatment of Hendricks*, 259 Kan. 246 and *In Re Crane*, 269 Kan. 568.

a. *Hendricks and Crane* were not 'state – court losers', but were rather 'state – court winners' and that is why the State of Kansas was forced to appeal to the United States Supreme Court with those cases.

12. The conditions of confinement for the Plaintiff are *not* Civil, but Punitive. This is Cruel and Unusual Punishment and violates the Plaintiff's *14th Amendment* Rights and *Ohlinger v. Watson,* 652 F.2d 775, *Jones v. Blanas,* 393 F.3d 918 *and Youngberg v. Romeo*, 457 U.S. 307.

13. The Plaintiff is *not* receiving the Care, Therapy and Treatment guaranteed by *Hendricks, SPTP Policy 6.1* and *Howe v. Godinez,* 558 F. Supp. 3d. 664. This is a violation of the Plaintiff's Due Process Rights and is Cruel and Unusual Punishment.

14. The Kansas Behavioral Sciences Regulatory Board wrote Mr. Davis again and told him that several staff of SPTP **(including many members of the SPTP Progress Review Panel)** are *not* qualified, licensed, certified, trained, educated or skilled to administer sexual offender and/or sexual predator care, therapy and treatment to the Plaintiff. *(Please see Plaintiff's Exhibit A).*


**THEREFORE,** the Plaintiff is humbly requesting this Honorable Court to grant this Objection to the Order, Report and Recommendation


Respectfully Submitted

Mr. Kenneth Mark Hay
1301 Kansas Highway 264
Larned, Kansas 67550
620-285-4660 extension 4

**CERTIFICATE OF SERVICE**

I, <u>KENNETH MARK HAY</u>, hereby certify that a true and correct copy of this Objection to the

Order, Report and Recommendation by the Plaintiff, was sent, by U. S. Mail, postage prepaid, on

this ___7___ day of __*Aug*_____ of 20_24_, to the following:

Kansas Attorney General's Office
C/O Mr. Matthew Shoger
120 S.W. 10th Street, 2nd Floor
Topeka, Kansas 66612


United States District Courthouse
C/O Court of the District Court
444 S.E. Quincy
490 U.S. Courthouse
Topeka, Kansas 66683

Respectfully Submitted,

*Kenneth Mark Hay*

Mr. Kenneth Mark Hay
1301 Kansas Highway 264
Larned, Kansas 67550
620-285-4660 extension 4