IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH MARK HAY,

        Plaintiff,

        v.

KERI APPLEQUIST, et al.,

        Defendants.

Case No. 5:23-cv-03175-HLT-GEB

## ORDER

Plaintiff Kenneth Mark Hay brings this § 1983 action pro se against various staff at Larned State Hospital.[1] Defendants are staff of the Sexual Predator Treatment Program ("SPTP") at Larned where Plaintiff is civilly committed and are sued in both their individual and official capacities. Defendants filed a motion to quash service and for screening of the complaint. Doc. 21. The magistrate judge issued an Order and Report and Recommendation ("R&R") that found service was improper on the individual-capacity claims and recommended certain claims should be dismissed. Doc. 29. Plaintiff filed an objection. Doc. 33. For the reasons discussed below, the Court adopts the R&R as the order of the Court and dismisses some claims. Other claims survive against Defendants in their official capacity, and Defendants' responsive pleading or motion is due by October 9, 2024.

I.    BACKGROUND

Plaintiff was civilly committed to the SPTP at Larned State Hospital in 1995. This was pursuant to the Sexually Violent Predator Act ("SVPA"). *See* K.S.A. § 59-29a01(a) (providing for

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate. *Id.*

the "involuntary civil commitment process for the potentially long-term control, care and treatment of sexually violent predators"). He filed this case asserting various claims under 42 U.S.C. § 1983. *See* Doc. 8. Plaintiff seeks "to address violations of his Due Process Rights, Ex Post Facto, Freedom of Speech Rights, Protection from Cruel and Unusual Punishment, Double Jeopardy, Unequal Protection of the Law, violations of his 1st, 4th, 5th, 6th and 14th Amendment Rights." *Id.* at 1.

The complaint does not otherwise enumerate specific claims. It states that the SPTP violates certain constitutional rights and "has made *Kansas v. Hendricks*, 521 U.S. 346 moot and/or irrelevant, both in how it is constructed and how it operates." *Id.* at 4.

The complaint includes a section titled "Legislative Intent," which details some statements made during the passage of the SVPA, as well as in Plaintiff's own civil-commitment proceedings. *Id.* at 6-13. In a section titled "Confinement/Incarceration," Plaintiff challenges his ongoing confinement in the SPTP, including that his time in the "Yard" has been restricted, he no longer enjoys BBQs with his friends, family members are no longer allowed to bring in food and other items during visits, sports are no longer allowed, a SPTP band no longer performs, and he has to be accompanied by staff while moving around in the program. *Id.* at 13-16. He claims being subjected to curfews and not being permitted to apply for SSI or disability is cruel and unusual punishment. *Id.* at 15. In a section titled "Treatment/Therapy/Care," Plaintiff challenges the nature of the therapy and treatment he receives. *Id.* at 16-19. The final section is titled "Due Process," in which Plaintiff challenges his continued confinement in the SPTP and the program's grievance process. *Id.* at 19-23.

Defendants are Keri Applequist, Lesia Dipman,[2] Haleigh Bennett, and Linda Kidd. They are sued in their individual and official capacities. Doc. 8 at 2-3. Plaintiff served Defendants with process at Larned State Hospital—their place of employment. *See* Docs. 12-14, 17. Shortly thereafter, Defendants filed a motion to quash service to the extent service was intended for claims against Defendants in their individual capacities. Doc. 21 at 1-3. Defendants also requested that the Court screen the complaint under 28 U.S.C. § 1915(e)(2)(B), because Plaintiff proceeds in forma pauperis. *Id.* at 3-7.

The magistrate judge took up the motion and found that Plaintiff failed to comply with state or federal law for service on Defendants in their individual capacities. Doc. 29 at 4-6. The magistrate judge declined to extend the deadline for Plaintiff to correct service because she also determined that screening was appropriate, *id.* at 3-4, and in conducting that screening, concluded that the individual-capacity claims should be dismissed, *id.* at 11-12.[3] After conducting the screening, the magistrate judge issued the R&R recommending dismissal of certain claims in the case. *Id.* at 6-13. The parties were given notice of the time to object. *Id.* at 6. Only Plaintiff filed an objection. Doc. 33.

---

[2]   Plaintiff's complaint spells this name "Dipeman." Defendants state that this is a misspelling and that the correct name is Lesia Dipman. Doc. 21 at 1 n.1. The Court notes this just to clarify the record and will use the correct spelling. Dipman has since retired. *Id.* at 1 n.2. Her successor is Lindsey Dinkel. *Id.* To the extent Dipman is sued in her official capacity, Dinkel is properly substituted for the official-capacity claims against Dipman only. *See* Fed. R. Civ. P. 25(d).

[3]   Defendants did not dispute that service was effective as to the official-capacity claims. *See* Doc. 21 at 2; *see also Smith v. Lall*, 2024 WL 1007424, at *4 (N.D. Ga. 2024) ("Plaintiffs contend that because they have purportedly served Defendants in their official capacities—through delivery of the summons to the Office of the Governor—their service is also sufficient as to the individual-capacity claims. This is incorrect.").

3

## II.   STANDARD[4]

Under Federal Rule of Civil Procedure 72(a), a district judge may set aside a magistrate judge's order on a non-dispositive matter "that is clearly erroneous or is contrary to law." Under the clearly erroneous standard, a reviewing court must affirm a magistrate judge's order unless it is "left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation and citation omitted).

Rule 72(b) governs R&Rs by magistrate judges on dispositive issues. The rule allows a party to file objections and states that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). If no specific objections are timely made, the district judge may review the R&R under any standard she deems appropriate. *Price v. Kansas*, 2016 WL 4500910, at *1 (D. Kan. 2016).

## III.   ANALYSIS

### A.   Service

The magistrate judge agreed with Defendants that Plaintiff failed to comply with state and federal law for service of the individual Defendants.[5] Specifically, Plaintiff provided for service of Defendants at their place of business. *See* Docs. 12-14, 17 (summonses with Larned State Hospital address). Under Rule 4(e), service on an individual can be achieved by following state law or by delivering a copy of the summons and complaint to the individual personally, to their "dwelling or usual place of abode," or to their agent who is authorized to accept service. Fed. R. Civ. P. 4(e). Plaintiff did not serve in accordance with the latter options and was thus required to

---

[4]   Plaintiff's objection addresses the magistrate judge's order on the non-dispositive service issue as well as the recommendation that certain claims be dismissed. *See generally* Doc. 33. The Court therefore provides the standards for reviewing both non-dispositive and dispositive rulings.

[5]   Although the magistrate judge concluded Plaintiff failed to effect service, the motion to quash was denied. This is presumably because the magistrate judge concluded the individual-capacity claims should be dismissed for failure to state a claim, which makes the service issue moot. *See* Doc. 29 at 5-6.

follow state law. Under state law, if service is by return receipt delivery, it must be addressed to the person at the person's "dwelling or usual place of abode" or to an authorized agent. K.S.A. § 60-304(a). If that service is "refused or unclaimed," the party "may complete service by return receipt delivery, addressed to the individual at the individual's business address." *Id.*

Here, Plaintiff did not provide Defendants' residential addresses for service, and no residential service was attempted. Thus, the magistrate judge found he failed to comply with K.S.A. § 60-304(a) and has therefore not complied with federal or state law in serving the Defendants in their individual capacity. Doc. 29 at 4-6. To the extent Plaintiff objects to this ruling, the undersigned finds it is not clearly erroneous or contrary to law.

Plaintiff did not satisfy the service requirement by serving Defendants at their business address because he did not first attempt service at their residential addresses. *See Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1227-30 (D. Kan. 2016) ("Kansas law provides for service on an individual by return receipt delivery addressed to the individual's dwelling, personal service, or residential service. . . . It does not contemplate service at a business address by return receipt delivery until plaintiff has taken certain steps."). Plaintiff's objection states that Larned State Hospital refuses to give him Plaintiffs' home addresses. Doc. 33 at 1. This doesn't excuse Plaintiff's compliance with federal and state service rules. *Wanjiku*, 173 F. Supp. 3d at 1230 ("No certified mail was refused or unclaimed at defendant's dwelling and plaintiff has not filed a return of service stating as much. Detective Grigsby contends that this is not enough to serve him effectively and argues that plaintiff has not cited any law supporting the proposition that, because plaintiff does not know Detective Grigsby's address, plaintiff is excused from complying with all three statutory requirements. The Court agrees."). Thus, to the extent Plaintiff objects to the

magistrate judge's order that Plaintiff has not effected service as to the individual-capacity claims against Defendants, the undersigned discerns no clear error. The objection is overruled.[6]

## B. Report and Recommendation

The magistrate judge granted Defendants' request for screening under 28 U.S.C. § 1915.[7] The magistrate judge then screened the complaint and recommended dismissal of certain categories of claims in the complaint, including Plaintiff's challenges to his civil-commitment proceedings, the First Amendment claim, and all individual-capacity claims. Doc. 29 at 13.

### 1. Challenges To Civil-Commitment Proceedings

The first category of claims recommended for dismissal are any claims challenging Plaintiff's original civil commitment, including challenges to the constitutionality of the SVPA, the SPTP, and the lack of due process in Plaintiff's civil-commitment proceeding. The magistrate judge found any such claims were barred by the *Rooker-Feldman* doctrine because the Kansas Supreme Court has already rejected these arguments when it upheld Plaintiff's civil commitment. Doc. 29 at 7-9.

The undersigned agrees any claims challenging Plaintiff's original civil commitment should be dismissed. The Kansas Supreme Court affirmed the decision to civilly commit Plaintiff and rejected many of the same challenges Plaintiff makes here. *See Matter of Hay*, 953 P.2d 666, 672-76 (Kan. 1998) (addressing arguments that the SVPA is criminal in nature, puts him double

---

[6] As discussed below, the undersigned also agrees that the individual-capacity claims should be dismissed for other reasons.

[7] Under the screening procedure for plaintiffs proceeding in forma pauperis, a court may dismiss a claim if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff does not specifically object to the decision to screen his complaint, other than to state: "Despite or Inspite [sic] of the Plaintiff sending the filings to the Defendant's Business Address rather than their Residential Address this Court still is going to screen the Plaintiff's complaint and allow the Defendant's [sic] to respond to his complaint." Doc 33 at 2. To the extent Plaintiff objects to screening, that is a non-dispositive ruling by the magistrate, and the undersigned does not find it to be clearly erroneous or contrary to law given Plaintiff's in forma pauperis status. *See* Doc. 5.

jeopardy, is an ex post facto law, violates substantive and procedural due process, and violates equal protection). The Kansas Supreme Court rejected Plaintiff's challenge to the SVPA, *id.* at 674-76, and upheld Plaintiff's civil commitment to the SPTP, *id.* at 676-80.

Under the *Rooker-Feldman* abstention doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (internal quotation and citation omitted). *Rooker-Feldman* applies to claims actually decided by a state court and claims inextricably intertwined with a state court judgment. *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1075 (10th Cir. 2004).

To the extent Plaintiff seeks to use this case to call into question the Kansas Supreme Court's decision affirming his civil commitment, that is not permitted under *Rooker-Feldman*. *See Wideman v. Colorado*, 242 F. App'x 611, 614 (10th Cir. 2007) (finding that *Rooker-Feldman* applied where claims were "little more than thinly disguised efforts to overturn, or at least call into question the validity of, the rulings entered" by the state court).[8] Any challenge to Plaintiff's civil-commitment proceedings is likely also untimely, as the civil commitment proceeding occurred in 1995. *See Hay*, 953 P.2d at 672.

Plaintiff states in his objection that the "*Rooker-Feldman* doctrine is overridden by the fact and ruling that the Kansas Supreme Court has found the KSVPA and SPTP Unconstitutional TWICE." Doc. 33 at 4. But both of the cases cited have been reversed by the United States

---

[8] Many of the same arguments Plaintiff raises here were also rejected by the United States Supreme Court in *Kansas v. Hendricks*, 521 U.S. 346, 370-71 (1997), which held that the SVPA was not criminal in nature and "comports with due process requirements and neither runs afoul of double jeopardy principles nor constitutes an exercise in impermissible *ex post facto* lawmaking." Thus, even if *Rooker-Feldman* didn't bar Plaintiff's claims, this Court would be obligated to follow binding Supreme Court precedent to the extent Plaintiff makes those same arguments now.

Supreme Court, which both upheld the constitutionality of the SVPA. *See Hendricks*, 521 U.S. at 371; *Kansas v. Crane*, 534 U.S. 407,415 (2002). He also states that "*Hendricks* and *Crane* were not 'state-court losers,' but were rather 'state-court winners' and that is why the State of Kansas was forced to appeal to the United States Supreme Court with those cases." Doc. 33 at 5. This misunderstands the application of *Rooker-Feldman* in this case, which is that Plaintiff may not effectively appeal his loss in his state-court case to this Court.

The undersigned therefore adopts the recommendation of the magistrate judge that any claims challenging Plaintiff's original civil commitment, including challenges to the constitutionality of the SVPA and the SPTP, be dismissed to the extent these issues were previously addressed by the Kansas Supreme Court during the appeal of Plaintiff's original civil-commitment hearing.[9]

### 2. First Amendment Claims

The magistrate judge next found that any First Amendment claim should be dismissed because there are no facts alleged in the complaint that any Defendant violated Plaintiff's First Amendment rights. Doc. 29 at 9-10. Plaintiff does not address this ruling in his objection, and thus the Court may use any standard of review. *Price*, 2016 WL 4500910, at *1.

Using de novo review, the undersigned agrees that any ostensible First Amendment claim by Plaintiff should be dismissed. The undersigned has reviewed the amended complaint. Doc. 8. Although the first page states that Plaintiff asserts a claim under the First Amendment for "Freedom of Speech Rights," *id.* at 1, there are no factual allegations about any such violation. The only other reference to the First Amendment is that Plaintiff "cannot support himself

---

[9] As discussed in the background section, *see supra* page 2, Plaintiff appears to be asserting other claims arising out of his current conditions. These claims are distinct from any claims challenging his original civil commitment.

financially because he exercises his 1st Amendment Right not to 'work' or participate with the Program." Doc. 8 at 16. It is unclear how this implicates any right protected by the First Amendment or the freedom of speech. The undersigned therefore adopts the recommendation of the magistrate judge and dismisses any ostensible First Amendment claim.

### 3.     Individual-Capacity Claims

Finally, the magistrate judge recommended dismissal of any individual-capacity claims against Defendants because Plaintiff's claims are aimed at the operation of the SPTP overall and do not allege any actions by Defendants that would expose them to liability in their individual capacity. Doc. 29 at 11-12. Plaintiff does not specifically address this recommendation in his objection.

The undersigned applies de novo review and adopts this recommendation and dismisses the individual-capacity claims against Defendants. A § 1983 claim must be attributable to a defendant's own actions. *A.M. v. Holmes*, 830 F.3d 1123, 1163 (10th Cir. 2016); *see also Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) ("But common to all § 1983 and Bivens claims is the requirement that liability be predicated on a violation traceable to a defendant-official's own individual actions." (internal quotation and citation omitted)). Plaintiff's allegations generally focus on the overall operation of the SPTP. He does not identify any specific action taken by any individual Defendants that would state a plausible constitutional violation against them in their individual capacities. *See, e.g.*, *Chubb v. Howard*, 2022 WL 3585631, at *2 (D. Kan. 2022) (dismissing Applequist from § 1983 case involving SPTP where "amended complaint does not specifically refer to an action or a failure to act"). Accordingly, the individual-capacity claims are dismissed.

### C. Remaining Claims

The Court has determined that certain claims must be dismissed. These are any claim by Plaintiff arising out of or decided during his original civil-commitment proceeding, Plaintiff's First Amendment claim, and the individual-capacity claims against Defendants. What remains are the official-capacity claims against Defendants[10] based on Plaintiff's current confinement in the SPTP. *See supra* page 2.

Neither side objects to the magistrate judge's ruling that further briefing is required on these claims. The undersigned concurs with the magistrate judge that a responsive pleading or motion is required to evaluate these claims. In accordance with that ruling, Defendants' responsive pleading or motion is due 21 days from the date of this order, or by October 9, 2024.

THE COURT THEREFORE ORDERS that the Order and Report and Recommendation (Doc. 29) is ADOPTED as the order of the Court. Plaintiff's claims arising out of his original civil-commitment proceeding, his First Amendment claim, and his individual-capacity claims against Defendants are DISMISSED. Defendant Dipman is also DISMISSED from this case and Dinkel is substituted in her official capacity.

THE COURT FURTHER ORDERS that Defendants shall file a responsive pleading or motion regarding the remaining claims by October 9, 2024.

IT IS SO ORDERED.

Dated: September 18, 2024              /s/ *Holly L. Teeter*
                                       HOLLY L. TEETER
                                       UNITED STATES DISTRICT JUDGE

---

[10] On the current record, this would be Applequist, Bennett, and Kidd, who are sued in their official capacities, as well as Dinkel in her official capacity as substitute for Dipman.