IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF KANSAS

KENNETH MARK HAY,  )
      Plaintiff,  )
)
)
Versus  )   **CASE NO. 5:23-CV-03175-HLT-GEB**
)
)
Ms. Keri Applequist, et al.,  )
      Defendants,  )

### PLAINTIFF's RESPONSE TO THE DEFENDANT's AMENDED ANSWER TO THE PLAINTIFF's AMENDED COMPLAINT

**COMES NOW,** the Plaintiff, Mr. Kenneth Mark Hay, Pro Se, before this Honorable Court to file this Response to the Defendant's Amended Answer to the Plaintiff's Amended Complaint.

The Plaintiff offers the following in support of this Motion:

1. Ms. Haleigh Bennett is now Ms. Haleigh Turner and she is the niece of Mr. Cory Turner who is the Program Director of the Iowa Sexual Predator Treatment Program.
   a. Mr. Cory Turner used to be the Program Director of the Kansas Sexual Predator Treatment Program.
   b. Ms. Haleigh Turner used to be the Kansas Sexual Predator Treatment Program Director until Mr. John Escaped from the Plaintiff's unit on the Dillon building on Wednesday, June 30, 2021 at 7:00 a.m.
   c. Then Ms. Turner was promoted to Chief Operations Officer of the Larned State Hospital.

    d. Ms. Turner is not qualified or certified to be the Chief Operations Officer of the Larned State Hospital pursuant to *Howe v. Godinez,* 558 F. Supp. 3d 664 because she is not an LCP, LP, MD, Ph.D., or Psy. and this violates the Plaintiff's Constitutional Rights of Due Process and Cruel and Unusual Punishment.

2. Ms. Keri Applequist, LCP told the Plaintiff over 20 years ago, *"Go to your room and think about it,"* when the Plaintiff asked what he needed to work on to achieve Phase 5 (now Tier 2).
    a. Since then the Plaintiff has been in his room ruminating on the statement made by Defendant Applequist.
    b. Ms. Applequist has perjured herself numerous times on the witness stand, both in Federal courts and in Kansas state courts, while testifying on behalf of the Kansas Sexual Predator Treatment Program.
    c. Ms. Applequist told the Plaintiff almost 15 years ago, *"Quit hiding behind the Cross. Sex Offenders can't be saved by Jesus."*
3. Ms. Linda Kidd is not qualified or certified to work at the Kansas Sexual Predator Treatment Program or Larned State Hospital pursuant to *Howe v. Godinez,* 558 F. Supp. 3d 664 because she is not an LCP, LP, MD, Ph.D., or Psy.
    a. This violates the Plaintiff's Constitutional Rights of Due Process and Cruel and Unusual Punishment.
4. Ms. Lindsey Dinkel, LMSW is not qualified or certified to work at the Kansas Sexual Predator Treatment Program or Larned State Hospital pursuant to *Howe v. Godinez,* 558 F. Supp. 3d 664 because she is not an LCP, LP, MD, Ph.D., or Psy.
    a. This violates the Plaintiff's Constitutional Rights of Due Process and Cruel and Unusual Punishment.
5. The Plaintiff agrees that this Federal Court did not order him to the custody, care and control of SPTP at LSH.
6. The Defendants and most especially their Counsel should know that in order to prevail before this Honorable Court in proving that the Kansas Sexually Violent Predator Act and the Kansas Sexual Predator Treatment Program is Punitive and Unconstitutional the Plaintiff must prove that the Legislative Intent of the Act and the Program was to be Punishment and not Treatment.

    a. The Plaintiff's Exhibits in his Original and Amended Complaints prove, beyond a reasonable doubt, that the Legislative Intent of the Act and the Program was to be a Life Sentence and henceforth not Care, Therapy or Treatment, but rather Punishment.

    b. Justice Kennedy in *Kansas v. Hendricks*, 521 U.S. 346 stated, *"If SPTP/The Act ever gets proven to be punitive and not treatment we will strike it down."*

    c. After the U. S. Supreme Court ruled on *Crane* Ms. Applequist came onto Dillon – West 1 and announced to the Plaintiff and those similarly situated, *"Now the door is permanently shut and there is no hope for any of you. We can do anything we want to you now."*

7. The Plaintiff's initial confinement as a sexually violent predator is the source of the continuous injury by the Defendant's to the Plaintiff.

    a. The Defendants and their Counsel fail to realize that the Exhibits that the Plaintiff used in his Original and Amended Complaints before this Honorable Court are found in two places:

        i. *In re Care and Treatment of Kenneth Hay, 1998* – Kansas Supreme Court Ruling from an Appeal from Johnson County District Court.

        ii. *In re Care and Treatment of Leroy Hendricks, 1996* – Kansas Supreme Court Ruling from an Appeal from Sedgwick County District Court.

            1. **U. S. Supreme Court Justice Thomas noted,** ***"It is interesting that the Habeas Corpus filing from the Sedgwick County District Court was not heard in Hendricks' case."***

8. Since the Plaintiff is a Civilian then he should be afforded his *4th Amendment* Rights to Search Warrants before shakedowns because LSH/SPTP staff is not Law Enforcement Officers. This is a Due Process Rights violation and is Cruel and Unusual Punishment.

    a. This makes the Act and the Program Punitive and Unconstitutional.

9. *K.S.A. 59-29a12(a)* makes the Act and the Program Punitive and Unconstitutional because SPTP is supposed to be Involuntary **Civil** Commitment and is Voluntary **Civil** *"Treatment"*. (Please see *K.S.A. 59-29a01a and Kansas v. Hendricks*, 521 U.S. 346)

    a. Justice Kennedy stated in *Hendricks*, *"This Act is to be a civil statutory scheme with a non-punitive effect."*

    b. In March 1994 Ms. Donna Whiteman (the Secretary of SRS – now Secretary of KDADS) testified before the Kansas House Judiciary Committee for Senate Bill 525 (KSVPA), *"The Program will take $9 million per year to operate for 330 residents."*

        i. However, SPTP gets $47 million currently from the Kansas Legislature and Kansas Taxpayers/Voters to operate for the less than 300 residents and the Program still only spends $9 million on the Plaintiff and those similarly situated.

            1. In fact Agency staff work the majority of the shifts at LSH and SPTP. They work 16 hours per day 6 days a week.

            2. The Agency tells the Kansas Legislature that the Agency Staff make $45 per hour and are paid a $2,000 per month stipend for housing.

            3. Agency Staff come from all over the United States, mostly from States without SPTP's, and from Africa.

        ii. SPTP is currently expanding its Tier 1 population by at least 100 beds.

10. Yard is not a privilege, but a Right pursuant to the United States Constitution and the Prison Litigation Reform Act.

    a. More than 50% of the residents in SPTP are Overweight/Obese and this includes the Plaintiff.

        i. SPTP Yard used to be open from Sunrise until 10:30 p.m. daily until Mr. Cory Turner changed that policy to override Federal and State Law with approval of the other Defendants. This also includes the ceasing of Therapeutic Activities that the Plaintiff and those similarly situated to enjoy at Yard.

    b. Some 50% of the residents in SPTP are Diabetic and this includes the Plaintiff.

    c. By stating that Yard is a privilege and not a Right violates *Ohlinger v. Watson*, 652 F.2d 775, *Jones v. Blanas*, 393 F.3d 918 *and Youngberg v. Romeo*, 457 U.S. 307 for Unequal Treatment of the Law because the Plaintiff is not being treated Equal to or Greater than his Criminal Counterparts.

11. The movement of residents to different locations on the LSH grounds requiring an escort by SPTP staff was by Mr. Cory Turner changed that policy to override Federal and State Law with approval of the other Defendants.

a. This violates *Ohlinger v. Watson,* 652 F.2d 775, *Jones v. Blanas,* 393 F.3d 918 *and Youngberg v. Romeo*, 457 U.S. 307 for Unequal Treatment of the Law because the Plaintiff is not being treated Equal to or Greater than his Criminal Counterparts because in prison the Plaintiff could do this with a Pass as he used to do in SPTP.

12. The food in the cafeteria is worse than that in the Kansas prison system.
    a. Of the 72 "graduations" (deaths) in the 30 year history of SPTP some 95% are by Cancer (Stomach, Colon, Pancreas and Lung).
        i. There have only been 25 residents in the 30 year history of the Program to achieve Conditional Release. **This isn't Care and Treatment, but Punishment.**
        ii. Currently there are 8 residents at MiCo House in Osawatomie Reintegration, 8 residents at Meyers House at LSH Reintegration, and 9 residents at Maple House at Parsons Reintegration. **This isn't Care and Treatment, but Punishment.**
        iii. This violates *Ohlinger v. Watson,* 652 F.2d 775, *Jones v. Blanas,* 393 F.3d 918 *and Youngberg v. Romeo*, 457 U.S. 307 for Unequal Treatment of the Law because the Plaintiff is not being treated Equal to or Greater than his Criminal Counterparts because in prison the Plaintiff would be able to buy cheaper food, more food and have access to a garden of his own.
    b. The Plaintiff can't even get a proper Vegetarian Diet for his Orthodox Religion currently and SPTP/LSH staff are combative and apathetic to the Plaintiff about this issue.
        i. This violates *Ohlinger v. Watson,* 652 F.2d 775, *Jones v. Blanas,* 393 F.3d 918 *and Youngberg v. Romeo*, 457 U.S. 307 for Unequal Treatment of the Law because the Plaintiff is not being treated Equal to or Greater than his Criminal Counterparts because in prison the Plaintiff would have a proper Religious diet and Religious practices.

13. Curfew does not apply to Tier 2 residents.
    a. This creates a hostile living environment.
    b. This violates *Ohlinger v. Watson,* 652 F.2d 775, *Jones v. Blanas,* 393 F.3d 918 *and Youngberg v. Romeo*, 457 U.S. 307 for Unequal Treatment of the Law because the Plaintiff is not being treated Equal to or Greater than his Tier 2 Counter Parts, some of which live on his current unit.

    c. Not having a curfew is a Right of a Civilian and not a Privilege.

    d. The curfew came into effect by Mr. Cory Turner and the other Defendants.

    e. In *Hendricks* it states that the Plaintiff must be in the "least restrictive setting" and that does not mean the Dillon building, but rather Meyers, Osawatomie or Parsons.

14. The Defendants don't lack sufficient knowledge to form a belief regarding the factual allegations in Paragraph 7 of the "Confinement/Incarceration" section of the Plaintiff's Amended Complaint because when the Plaintiff gets his Purple Badge and applies for SSI and/or Disability the Program wants him to sign it over to them.

    a. In order to support himself the Plaintiff either has to break Program rules and policy by "hustling" finances or dealing and trading or being completely compliant with the Program so that he can get a minimum wage job. This is pursuant to *SPTP Policy 5.2 and 5.8*.

15. Mr. Hay is not Treatment Resistant.

    a. He attends Mainstream High Risk Process Group every Monday morning at 9:30 a.m. with Ms. Sharon Surface, LMSW pursuant to *SPTP Policy 6.1*.

    b. Mr. Hay was told by Ms. Surface a couple of weeks ago that she was going to be getting him ready for Tier 2.

        i. In a response to the SPTP Treatment Team Mr. Hay received this statement from Ms. Surface, *"If you can complete your Relapse Prevention Plan by January, I will be happy to present you to the Treatment Team."* (Please see Plaintiff's Exhibit A).

    c. Mr. Hay was told by his State Defense Attorney that the Johnson County District Court has granted him an Independent Examination pursuant to *K.S.A. 59-29a08(c)*, which states: *"(c) The person may retain, or if the person is indigent and so requests the court may appoint, an examiner pursuant to K.S.A. 60-235, and amendments thereto, and the examiner shall have access to all available records concerning the person. If the person is indigent and makes a request for an examiner, the court shall determine whether the services are necessary and shall determine the reasonable compensation for such services. The court, before appointing an examiner, shall consider factors including the person's compliance with institutional requirements and the person's participation in treatment to determine whether the person's*

*progress justifies the costs of an examination. The appointment of an examiner is discretionary."*

  d. Treatment is only necessary if Mr. Hay is Sexually Deviant and/or Sexually Violent pursuant to *K.S.A. 59-29a08(h) If, after the hearing for transitional release, the court is convinced beyond a reasonable doubt that the person is not appropriate for transitional release, the court shall order that the person remain in secure commitment.* ***Otherwise, the court shall order that the person be placed in transitional release.***

*(i) If the court determines that the person should be placed in transitional release, the secretary shall transfer the person to the transitional release program. The secretary may contract for services to be provided in the transitional release program. During any period the person is in transitional release, that person shall comply with any rules or regulations the secretary may establish for this program and every directive of the treatment staff of the transitional release program* and *Kansas v. Hendricks*, 521 U.S. 346".

  e. It is about Mr. Hay's behavior and actions and not his compliance with the Program.

16. Pornography is still being introduced into the facility and is being done so by SPTP/LSH staff.
    a. In fact, the Program currently installed Wi Fi internet onto all the Dillon units and this will make it easier for those residents, **who are still criminals**, to use their Cellphones and Laptops to attain and spread pornography.
    b. Only two residents in SPTP has ever went back to prison for having child porn the others get probation and placed on Security Risk Status for years.

17. Because SPTP is at LSH all the Patients and Residents at LSH are being treated as Sexually Violent Predators by having their TV programs censored.
    a. If the Plaintiff and those similarly situated cannot control themselves sexually while watching TV then maybe TV's need to be removed from SPTP.

18. *Howe v. Godinez*, 558 F. Supp. 664 sets the standard for Sexual Offender and Sexual Predator Treatment.
    a. SPTP fails miserably.
    b. The "therapists" are Social Workers (LMSW or LSCSW) and not LP's, LCP's, MD's, Ph.D's, or Psy.'s as stated in *Howe*.

    c. *Howe* states that the **minimum** hours of Process Group and each Class **must** be 5 hours per week and *SPTP Policy 6.1* does not meet that Federal mandate.

    d. MHDD's and CTS's of SPTP/LSH are not Licensed or Certified with the Kansas Board of Nursing or the Kansas Behavioral Sciences Regulatory Board.

        i. They also are not Licensed or Certified to provide Sexual Offender or Sexual Predator Care and Treatment.

    e. The RN's and LPN's of SPTP/LSH are not Licensed or Certified to provide Sexual Offender or Sexual Predator Care and Treatment.

    f. The Activity Therapists at Larned State Hospital, both Tiers 1 and 2, are not Licensed or Certified with the Kansas Board of Healing Arts, Kansas Board of Nursing or the Kansas Behavioral Sciences Regulatory Board.

        i. They also are not Licensed or Certified to administer Sexual Offender or Sexual Predator Care and Treatment.

    g. The SPTP Staff at Reintegration (Osawatomie, Meyers – Larned, and Parsons) are also not Licensed or Certified with the Kansas Board of Healing Arts, Kansas Board of Nursing or the Kansas Behavioral Sciences Regulatory Board.

        i. They also are not Licensed or Certified to administer Sexual Offender or Sexual Predator Care and Treatment.

    h. This violates the Plaintiff's Due Process Rights and is Cruel and Unusual Punishment. It also makes the Act and the Program Punitive and Unconstitutional.

    i. Also in *Merryfield v. State*, 2024 U.S. Dist. LEXIS 97973 Judge Broome stated, *"The State of Kansas relies too much on Hendricks."*

        i. This means that the Plaintiff's commitment and confinement, not just his care, control and treatment under the Act or in the Program, is Punitive and Unconstitutional.

19. Mr. Hay is not given or receiving Individualized Care and Treatment in SPTP.

    a. He is given and receives Care and Treatment for the following Paraphilia's that he does not have:

        i. Hebaphilia

        ii. Voyeurism

        iii. Frottage

      iv. Rape

      v. Sado Masochism

      vi. Kidnapping

      vii. Lewd Behavior

      viii. Gender Dysphoria

      ix. Pedophilia, etc.

   b. Mr. Hay's Mental Abnormality and/or Personality Disorder is Exhibitionism pursuant to the DSM – V – TR.

   c. This is a violation of Mr. Hay's Due Process Rights is Cruel and Unusual Punishment.

      i. This makes the Act and the Program Punitive and Unconstitutional.

20. Mr. Hay's Relapse Prevention Plan is the most important document he has in SPTP and should be discussed at every Individual Session with his therapist and CITP.

21. In *Merryfield v. State,* 2024 U.S. Dist. LEXIS 97973 Judge Broome stated, *"That Tier 3 (Reintegration) is still Secure Confinement."*

   a. This is different than what is stated in *SPTP Policy 6.1* and Mr. Hay's CITP's where it states that Tier 3 (Reintegration) is called Discharge Planning and is not considered a part of the Program.

   b. However, Tier 3 has 3 steps and step 3 is Transitional Release pursuant to *K.S.A. 59-29a08.*

22. After 30 years of SPTP and after completing the Program in Prison where he left with a 20% chance of reoffending how much more Treatment does Mr. Hay need.

   a. Especially since he hasn't been Sexually Deviant or Sexually Violent since July 1991.

      i. This is the very definition of so change to be safe at large.

      ii. However, the State always argues that all the residents released by a court from SPTP have returned to the Program.

         1. Despite this narrative Mr. Hay's behavior and actions and the lack thereof have proven that he is so changed to be safe at large and that the Defendants are keeping him in custody because of personal differences they have with him and because he was one of the original 5 into the program.

    a. This Honorable Court must remember that Mr. Paul Morrison testified in March 1994 before the Kansas House Judiciary Committee stating, *"Consider Ken Hay."*

    b. At Mr. Hay's Initial Civil Commitment Jury Trial his Defense Attorney stated, *"Your Honor is this Murder Trial or a Civil Commitment Trial?"*

        i. This was in reference to the fact that Ms. Stephanie Schmidt's parents were present in the courtroom. Ms. Schmidt was the tragic victim of Mr. Donald Gideon for which this Act and Program was meant.

23. By not allowing the Plaintiff to be present at the Annual Probable Cause Hearings the State of Kansas and the Program (this includes the Defendants) are violating the Plaintiff's Due Process Rights and Cruel and Unusual Punishment Protections.

    a. This also violates *Ohlinger v. Watson*, 652 F.2d 775, *Jones v. Blanas,* 393 F.3d 918 *and Youngberg v. Romeo*, 457 U.S. 307 for Unequal Treatment of the Law because the Plaintiff is not being treated Equal to or Greater than his Criminal Counterparts, those similarly situated civilly confined and the Plaintiff's pre-commitment court proceedings.

24. By always using the Plaintiff's Criminal History at his Annual Exams/Reviews makes the Exam and Review not an Annual pursuant to *K.S.A. 59-29aa08a and Hendricks*.

    a. The only criminal history that matters on an annual exam/review are those crimes that the Plaintiff has committed in the 12 month time frame since the last annual.

25. *SPTP Policy 7.1* does allow for an appeal process for decisions by the Progress Review Panel.

26. *Howe* supports that the Plaintiff must know who the members of the Progress Review Panel are and if they are qualified to make a treatment and clinical decision about him.

27. The Plaintiff is gauranteed to see the Prisoner Review Board in prison, but not the Progress Review Panel. This means that they are not a Progress Review Panel, but rather a "Popularity" Review Panel.

    a. This violates *Ohlinger v. Watson*, 652 F.2d 775, *Jones v. Blanas,* 393 F.3d 918 *and Youngberg v. Romeo*, 457 U.S. 307 for Unequal Treatment of the Law because the Plaintiff is not being treated Equal to or Greater than his Criminal Counterparts because the Kansas Prisoner Review Board does.

28. By not revealing the individual votes of individual members of the SPTP Progress Review Panel the Defendants are violating *Ohlinger v. Watson,* 652 F.2d 775, *Jones v. Blanas,* 393 F.3d 918 *and Youngberg v. Romeo,* 457 U.S. 307 for Unequal Treatment of the Law because the Plaintiff is not being treated Equal to or Greater than his Criminal Counterparts because the Kansas Prisoner Review Board does.
29. The Plaintiff is not given hearings for Notifications, D.A.R.'s, or for Grievances and this is a violation of Due Process and makes SPTP Punitive and Unconstitutional.
    a. This violates *Ohlinger v. Watson,* 652 F.2d 775, *Jones v. Blanas,* 393 F.3d 918 *and Youngberg v. Romeo,* 457 U.S. 307 for Unequal Treatment of the Law because the Plaintiff is not being treated Equal to or Greater than his Criminal Counterparts because the KDOC does.
30. By not allowing the Plaintiff to provide evidence or question witnesses in the grievance process this violates *Ohlinger v. Watson,* 652 F.2d 775, *Jones v. Blanas,* 393 F.3d 918 *and Youngberg v. Romeo,* 457 U.S. 307 for Unequal Treatment of the Law because the Plaintiff is not being treated Equal to or Greater than his Criminal Counterparts because the KDOC does.
31. Because SPTP is not governed by Kansas Administrative Regulations (K.A.R.'s) like the KDOC then SPTP lacks Due Process and is Punitive and Unconstitutional.
    a. This violates *Ohlinger v. Watson,* 652 F.2d 775, *Jones v. Blanas,* 393 F.3d 918 *and Youngberg v. Romeo,* 457 U.S. 307 for Unequal Treatment of the Law because the Plaintiff is not being treated Equal to or Greater than his Criminal Counterparts because the KDOC does.
32. Because there is no Civil Commitment Litigation Reform Act then there is no Due Process in SPTP and this makes the Program Punitive and Unconstitutional.
    a. This violates *Ohlinger v. Watson,* 652 F.2d 775, *Jones v. Blanas,* 393 F.3d 918 *and Youngberg v. Romeo,* 457 U.S. 307 for Unequal Treatment of the Law because the Plaintiff is not being treated Equal to or Greater than his Criminal Counterparts because the KDOC does.
33. *Hendricks* states that the Plaintiff can Petition for Immediate Release and do so at anytime so long as he can prove that he has so changed his mental abnormality or personality disorder so that he can be safe at large.

   a. By changing the Kansas Statute on this the Kansas Legislature reversed *Hendricks.*
   b. To use the Defendants logic and that of their Counsel this would mean that the Plaintiff could have been given Immediate Release and at anytime prior to 2017, but because of a Retroactive Law by the Kansas Legislature reversing the ruling in *Hendricks* the Plaintiff would lose his Freedom and therefore be in a deprivation of Liberty.
34. In *Merryfield v. State,* 2024 U.S. Dist. LEXIS 97973 states that this Honorable Court and any State court in Kansas does have the purview, jurisdiction and power to order the Plaintiff to Tier 2 or 3.

### OTHER DEFENSES:

35. The Plaintiff has stated claims upon which relief can be granted in whole or in part by this Honorable court. The Defendants and their Counsel do not provide any Arguments, Authorities, Statutes or Case Law to support their position on this matter.
36. The *Rooker – Feldman* doctrine does not apply as the Plaintiff has mentioned before. The Defendants and their Counsel do not provide any Arguments, Authorities, Statutes or Case Law to support their position on this matter.
37. This Honorable Court does not lack subject-matter jurisdiction in whole or in part to *11th Amendment* claims, Monetary and Declaratory Relief and Constitutional standing for some claims. The Defendants and their Counsel do not provide any Arguments, Authorities, Statutes or Case Law to support their position on this matter.
38. Plaintiff's mental condition, even from state court decisions, is why he is subject to continuous injury from the Defendants. The Defendants and their Counsel do not provide any Arguments, Authorities, Statutes or Case Law to support their position on this matter.
39. Plaintiff's Federal Constitutional Rights were infringed and done so by the Defendants and is continuously occurring. The Defendants and their Counsel do not provide any Arguments, Authorities, Statutes or Case Law to support their position on this matter.
40. State Law claims don't need to be exhausted when the Plaintiff's Federal Constitutional Rights are continuously being violated by the Defendants. The Defendants and their Counsel do not provide any Arguments, Authorities, Statutes or Case Law to support their position on this matter.

41. Kansas Tort Claims Act do not apply to this action by the Plaintiff against the Defendants. The Defendants and their Counsel do not provide any Arguments, Authorities, Statutes or Case Law to support their position on this matter.
42. Statutes of Limitations do not apply to continuous injuries being done to the Plaintiff by the Plaintiffs. The Defendants and their Counsel do not provide any Arguments, Authorities, Statutes or Case Law to support their position on this matter.
43. The Plaintiffs damages are of the nature and extent alleged. The Defendants and their Counsel do not provide any Arguments, Authorities, Statutes or Case Law to support their position on this matter.

**THEREFORE,** the Plaintiff humbly request that this Honorable Court enters judgment in his favor granting his relief he seeks, and for such other relief as the Court deems just and proper and deny the Defendants Amended Answer to Amended Complaint by the Plaintiff.

## CERTIFICATE OF SERVICE

I, <u>KENNETH HAY,</u> hereby certify that a True and Correct Copy of this Motion was sent, by U.S. Mail, postage prepaid, on this ____2____ day of December 2024 to the following parties in this case:

Kansas Attorney General's Office
C/O Mr. Matthew Shoger
120 S.W. 10th Street, 2nd Floor
Topeka, Kansas 66612

United States District Courthouse
C/O Court of the District Court
444 S.E. Quincy
490 U.S. Courthouse
Topeka, Kansas 66683

Respectfully Submitted,

*Kenneth Mark Hay*

Mr. Kenneth Mark Hay
1301 Kansas Highway 264
Larned, Kansas 67550
620-285-4660 extension 4
