Rev. 1/6/2023

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENNETH MARK HAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 23-3175-HLT-GEB |
| KERI APPLEQUIST, et al., | ) ) ) |
| Defendants. | ) ) ) |

## SCHEDULING ORDER

On December 20, 2024, the undersigned U.S. Magistrate Judge, Gwynne E. Birzer, conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Kenneth Mark Hay, pro se, appeared by videoconference. Defendants Keri Applequist, et al. appeared through counsel Matthew Shoger by videoconference.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

**1.    Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **January 31, 2025**. Defendant must make a good-faith counter-proposal by **February 21, 2025**.

2. **Discovery.**

    **a.** Written discovery must be served by **January 24, 2025**.

    **b.** No party may serve more than 25 interrogatories, including all discrete subparts, on any other party.

    **c.** Discovery may be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **January 17, 2025**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c). A pre-approved form protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

    **d.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or

both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.     Motions**

   **a.**     Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

   **For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must first actually *talk* with each other about their discovery disputes, and then contact the Court for a discovery conference, before filing a motion to compel or similarly related discovery motion.**

**b.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**c.** Page limitations for principal briefs, responses and replies must comply with D. Kan. Rule 7.1.

**4. Pretrial Conference, Trial, and Other Matters.**

***a.*** Pursuant to Fed. R. Civ. P. 16(a), a status conference is scheduled for **February 28, 2025 at 10:00 a.m. via Zoom**.

**b.** This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated December 20, 2024, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | **January 17, 2025** |
| Plaintiff's settlement proposal | **January 31, 2025** |
| Defendant's settlement counter-proposal | **February 21, 2025** |
| Written discovery served | **January 24, 2025** |
| Status Conference | **February 28, 2025 at 10:00 a.m. via Zoom** |