IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF KANSAS

KENNETH MARK HAY, )
         Plaintiff, )
)
)
Versus )     **CASE NO. 5:23-CV-03175-HLT-GEB**
)
)
Ms. Keri Applequist, et al., )
         Defendants, )

### Plaintiff's Final Prayer for Relief and Monetary Amount for Damages

**COMES NOW,** the Plaintiff, Mr. Kenneth Mark Hay, Pro Se, before this Honorable Court to file this Final Prayer for Relief and Monetary Amount for Damages.

The Plaintiff offers the following in support of this Final Prayer for Relief and Monetary Amount for Damages:

1. To have this Honorable Court find the Kansas Sexually Violent Predator Act and Kansas Sexual Predator Treatment Program Unconstitutional, Punitive, Cruel and Unusual Punishment, Shocking to the Conscious, Intolerable Conduct, Egregious, Ex Post Facto, Double Jeopardy, lacking in Due Process and to Order that the Act be Repealed and the Program be shutdown Immediately with the Plaintiff and all those in SPTP immediately released within 30 days of the Order of this Court.
    a. Mr. Hay humbly reminds this Honorable Court that the Kansas Legislature passed Senate Bill 525 and enacted it into law on July 1, 1994 as the Kansas Sexually Violent Predator Act and Kansas Sexual Predator Treatment Program and **_NOT_** the Kansas Sexually Violent Predator **_Treatment_** Act.

    i. This means Your Honor that the Legislative Intent of the Act and the Program Was and Is Punitive, Ex Post Facto, Double Jeopardy and Cruel and Unusual Punishment. This makes the Act and the Program Shocking to the Conscious, Intolerable Conduct, and Egregious.

      1. To support this Your Honor Mr. Hay humbly reminds this Honorable Court of his Exhibits from his Complaint and Amended Complaint, such as:

        a. Ms. Carla Stovall (Special Counsel to the Kansas Attorney General in 1994) testified on March 22, 1994 before the Honorable Jerry Moran's Kansas House Judiciary Committee on S.B. 525 (which became the Kansas Sexually Violent Predator Act on July 1, 1994), *"a knot would always grow in my stomach. I knew the rapists or child molesters were being turned loose on an unsuspecting public to offend. I knew there was at least one woman or one child, but probably more, who were going to fall victim to this animal. It was as certain as the sun rising the next morning. And there was nothing I could do to prevent it. That was the sickening thing. We were condoning the future victimization – permitting it – allowing it. Because we couldn't stop it."*

          i. Leroy Hendricks made parole from Hutchinson Correctional Facility to the Sedgwick County Jail in Wichita, Kansas on August 15, 1994. Mr. Hendricks "graduated" in 2009 from cancer.

          ii. In 1992 the Kansas Legislature did not have the money or the votes to pass the Kansas Sexually Violent Predator Act (notice how they don't call it the Sexually Violent Predator **Treatment** Act).

          iii. In 1992 Mr. Donald Gideon sat in Hutchinson Correctional Facility Sex Offender Treatment Program with Mr. Donald Rhyne (who is on Dillon – East 2 currently) and told the group, *"When I get out I will rape again."*

          iv. In July 1993 Mr. Gideon kidnapped, raped and murdered Ms. Stephanie Schmidt, a co-worker of his, in Pittsburgh, Kansas. Her parents are rich and know the Governor and Legislature. They put together a Task Force and got Senate Bill 525 passed.

    b. Ms. Stovall continued to testify by opining, *"The situation in Kansas is no better with sentencing guidelines than under indeterminate sentencing. The lesson is that under guidelines fewer child sexual abuse crimes will result in incarceration because of the high number which carry presumed probation.* ***This Bill (Senate Bill 525) would allow us to stop the sure and certain victimization. It would allow us to kept the Sexually Violent Offenders Locked Up INDEFINATELY. This is our OBLIGATION*** *to provide for Public Safety in this way."*

    c. Mr. Paul Morrison stated, *"And finally* <u>**consider**</u> *Kenneth Hay. He is currently serving time in a Kansas State Correctional Facility for luring small girls to his automobile and masturbating in front of them."*

    d. Mr. Jim Blaufuss stated before the Kansas House Judiciary Committee in March 1994, *"The most effective way to protect women and children from sex offenders is to send them to* **prison** *for the rest of their life. At this time a life sentence without parole is not possible. I do not believe anyone is willing to sacrifice a loved one in the hope that a sex offender should have another chance to start a new life.* <u>***There is no known TREATMENT that will change the Behavior of these Violent Felons.***</u>*"*

    e. Ms. Donna Whiteman continued to testify by stating: *"If the process requires professionals to state a Sexual Predator is CURED or NOT likely to repeat acts of violence before a person is Discharged, the professionals will not make such statements which might place their reputations and licenses on the line.* <u>***This means the patients may never be released.***</u>*"*

2. Mr. Hay humbly reminds this Honorable Court that the Kansas Legislature, Ms. Carla Stovall, Ms. Nola Foulston, Honorable Jerry Moran, and Mr. Paul Morrison <u>**considered**</u> Mr. Kenneth Mark Hay (the Plaintiff) as the First Resident and Patient for the Act and the Program in 1994.

    a. This is <u>***targeted***</u> Retribution, Retaliation and Revenge for sex crimes already Punished, Accounted for, taken Responsibility and Accountability for, and <u>***Treated***</u> for in the Kansas Department of Corrections and the Johnson County District Court (Lansing Correctional Facility and Johnson County Jail) from July 1991 until April 1995.

      i. This makes the Act and the Program Ex Post Facto, Double Jeopardy, Cruel and Unusual Punishment, lacking in Due Process, Shocking to the Conscious, Egregious and Intolerable Conduct to Mr. Hay because he has already been punished and treated for his sex offenses and Mental Abnormalities and/or Personality Disorders.

           1. Either Mr. Hay has a Mental Abnormality and/or Personality Disorder and he does not qualify for Confinement in Prison or he does not have these and does qualify for confinement in prison. **However, the State of Kansas, which includes the Defendants and their Counsel did both to him and did so for 30 years (_Half of Mr. Hay's life)._**

  b. This Punishment and Treatment for Mr. Hay's sex offenses occurred **_Concurrently_** in the Kansas Department of Corrections from July 1991 to April 1995. Mr. Hay completed Sex Offender Treatment Program at Lansing Correctional Facility and the Director of the DCCCA Program stated at Mr. Hay's Original Civil Commitment Jury Trial in April 1995: *"Mr. Hay has a **20%** of reoffending."*

      i. That means Your Honor that the Program and the Act are Ex Post Facto, Double Jeopardy, Cruel and Unusual Punishment, Shocking to the Conscious, Intolerable Conduct, lacking in Due Process and Egregious.

      ii. Mr. Hay has been in the Program for almost 30 years for continued "treatment" while at the same time being in Secure Confinement as that of Maximum Security Prison.

           1. This also is means Your Honor that the Program and the Act are Ex Post Facto, Double Jeopardy, Cruel and Unusual Punishment, Shocking to the Conscious, Intolerable Conduct, lacking in Due Process and Egregious.

3. SPTP is budgeted for $30 million annually by the Kansas Legislature (**_the Program has asked them for additional $47 million_**) and has been **_failing_** as a "treatment" program since July 1, 1994.

  a. This means Your Honor that Mr. Hay is humbly requesting that the $900 million that has been budgeted for the Program for these past 30 years be ordered to be part of his Prayer for Relief.

4. Mr. Hay has been in the Care, Control, and Custody of the Defendants for 10, 485 days by January 24, 2025. With $1, 500 per day for False Imprisonment Payment Mr. Hay is Entitled to an additional $15, 727, 500 as part of his Prayer for Relief and Monetary Damages.

5. This brings the grand total of Mr. Hay's Monetary Damages to $1, 015, 727, 500.
    a. Mr. Hay humbly requests from this Honorable Court that this Monetary Amount be divided into the following Relief:
        i. $253, 931, 875 be awarded to Mr. Hay as a lump sum and ordered by this Court to be placed in a bank account for him that has **_NO_** Liens or Taxes on this Amount/Payment.
        ii. $253, 931, 875 be donated/given to the Victim's of Sexual Abuse Fund.
        iii. $253, 931, 875 be donated/given to the Orthodox Christian Prison Ministry in New York, New York.
        iv. $253, 931, 875 be used to Create and Fund a Non-Profit Organization to Revamp the Sexual Offender Treatment Program in the Kansas Department of Corrections (**_BOTH_** Inpatient – Prison and Outpatient – Parole/Probation).
            1. Mr. Hay would like this Honorable Court to humbly order that the new SOTP **_meet_** the following **_minimum_** requirements for Care, Rehabilitation, Treatment and Therapy for Sexual Offenders and Sexual Predators in the State of Kansas:
                a. *"Texas' Outpatient Program Provides a Promising model of this 'carrot-and-stick' approach. Texas commits those sex offenders found to be 'sexually violent predators' into an outpatient program that includes intensive sex offender treatment, electronic monitoring, polygraphs, penile plythsmographs, biennial exams, substance abuse testing, and restricted transportation. Sex offenders in Outpatient Treatment must follow strict rules, such as not going near schools or playgrounds, and may be charged with a 3rd degree Felony and sent back to prison for breaking the rules of supervision."* (Please see Prosser's Privacy at 50: A Symposium on Privacy in the 21st Century: Comment: Sex Offender Civil Commitment: **_The Treatment Paradox_**, 98 Calif. L. Rev. 2093)

       i. This Outpatient Treatment Model for Texas costs the **Taxpayers and Voters** less than $18,000 Per Year/Per Resident. **Unlike Inpatient Treatment for the same resident which costs $100,000 minimum.**

6. Mr. Hay humbly asks and prays that this Honorable Court will give a ruling that will benefit the State, the Citizens (Taxpayers and Voters – not to mention the Women and Children), this Court and the Care, Therapy, Rehabilitation, Treatment and Constitutional Rights of Offenders that improves the process of Screening and Offender before Trial, Plea Bargain, Conviction, Sentencing and being Released.
    a. Mr. Hay prays that this Honorable Court Orders that the revamped SOTP for the State of Kansas will provide Quality Support and Accountability Partners and Groups for these Released Offenders/Predators beginning with correspondence and visitation within 1 to 2 years of their release.
7. Mr. Hay humbly asks and prays that this Court orders that the revamped SOTP be Facilitated and Provided by: LCP's, LP's, MD's, Ph.D's, and/or Psy.'s. because *only* they are Qualified, Licensed, Trained and Skilled to Facilitate and Provide Sexual Offender and Sexual Predator Treatment, Care, Therapy and Rehabilitation.
8. Mr. Hay requests from this Court that all the other men in the Kansas SPTP be Immediately Released within 30 days of the Order of this Court in this Matter and that they, along with Mr. Hay be given the following:
    a. $500 on a Debit Card just like when an offender is released from Kansas prison.
    b. To take all the property and possessions they have in their room and on them.
    c. A Jitter Bug cellphone.
    d. Map and Instructions to the nearest Parole, Probation, and Law Enforcement Center so that they can Report and/or Register, **if** this applies.
    e. Map and Instructions to the nearest Food Bank, Homeless Shelter, Social Security Office, D.M.V. and Hospitals.
    f. $1,000 in Food Stamps.
    g. To be Safely transported to a Bus Station in Kansas City or Wichita with these provisions.

9. A Declaration that the Acts and Omissions described in the Complaint and Plaintiff's Motions/Oral Arguments/Exhibits herein violated the Plaintiff's Rights under the Constitution and laws of the United States. And to Order a Declaration that the KSVPA and SPTP are Punitive and Unconstitutional and are to be shutdown immediately.
10. A Preliminary and Permanent Injunction ordering Defendants to cease violating the Plaintiff's Constitutional and Statutory Rights as stated by the Plaintiff in this action.
11. Compensatory, Punitive and Monetary Damages in the amount of $1, 015, 727, 500.
12. To have all the Defendants be prevented from working in the Medical, Mental Health and Corrections Field in the United States for good.
13. To have the Defendants personally apologize to every resident in SPTP in person for the Suffering and Humiliation they have caused the Plaintiff and them.
14. A Jury Trial on all issues triable by jury.
15. Plaintiff's costs in this suit be paid by the Defendants.
16. Any and All other relief this Honorable Court deems necessary.
17. The Plaintiff to be immediately released from the Care, Control and Custody of the Defendants within 10 business days from the Order of this Honorable Court.
18. To rule the Program and Act be found to be Unconstitutional, Punitive, Shocking to the Conscious, Intolerable Conduct, Egregious, Ex Post Facto, Double Jeopardy, Punitive, lacking in Due Process and to be shutdown and ceased immediately.
19. To Order the Creation and Function of the Civil Commitment Litigation Reform Act.

**THEREFORE,** the Plaintiff humbly request that this Honorable Court enters judgment in his favor granting his relief he seeks, and for such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I, <u>KENNETH HAY,</u> hereby certify that a True and Correct Copy of this Final Prayer for Relief and Monetary Amount for Damages was sent, by U.S. Mail, postage prepaid, on this 25th day of the month of December of the year of 2024 to the following parties in this case:

Kansas Attorney General's Office
C/O Mr. Matthew Shoger
120 S.W. 10th Street, 2nd Floor
Topeka, Kansas 66612

United States District Courthouse
C/O Clerk of the District Court
444 S.E. Quincy
490 U.S. Courthouse
Topeka, Kansas 66683

Respectfully Submitted,

*Kenneth Mark Hay*

Mr. Kenneth Mark Hay
1301 Kansas Highway 264
Larned, Kansas 67550
620-285-4660 extension 4