**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COURT OF KANSAS**

FILED

FEB 10 2025

Clerk, U.S. District Court
By: _____ Deputy Clerk

KENNETH MARK HAY,    )
            Plaintiff,    )
                     )
                     )
Versus                 )      **CASE NO. 5:23-CV-03175-HLT-GEB**
                     )
                     )
Ms. Keri Applequist, et al.,   )
           Defendants,   )

**Plaintiff's Response to the Defendant's Motion for Judgment**

     **COMES NOW,** the Plaintiff, Mr. Kenneth Mark Hay, Pro Se, before this Honorable Court to file this Response to the Defendant's Motion for Judgment.

     The Plaintiff offers the following in support of this Motion:

1. On Thursday, January 23, 2025 the Defendants filed, Electronically with the Court, their Motion for Judgment in this case.

2. The Court then ordered the Plaintiff to respond by Thursday, February 13, 2025.

3. The Court also ordered the Plaintiff to review the Federal Rules of Civil Procedure and the District of Kansas Local Rules before preparing his response.

4. The Court ordered the Plaintiff to comply with these rules.

5. The Plaintiff received some Discovery from the Defendants with their Motion for Judgment.

6. The Plaintiff will respond to the Defendant's Motion for Judgment in 5 parts, Jurisdiction, No Claim Stated, Constitutional Violations, Declarations and Final Conclusion.

## A. JURISDICTION

This is a civil action authorized by *42 U.S.C. Section 1983* to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under *28 U.S.C. Section 1331* and *1343 (a)(3)*. Plaintiff seeks declaratory relief pursuant to *28 U.S.C. Section 2201 and 2202*. Plaintiff's claims for injunctive relief are authorized by *28 U.S.C. Section 2283 and 2284 and Rule 65* of the Federal Rules of Civil Procedure.

The United States District Court of Kansas is an appropriate venue under *28 U.S.C. Section 1391 (b)(2)* because it is where the events giving rise to this claim occurred.

Treatment *is only* needed IF the Plaintiff is acting and behaving Sexually Deviant and Sexually Abusive.

Eleventh Amendment immunity does not apply to the Defendant's in this case because the Plaintiff has stated how the Defendant's factually violated the Plaintiff's Constitutional Rights in their Individual and Official Capacity, which gives this Court jurisdiction.

The *Rooker-Feldman* doctrine still does not apply in this case because the Plaintiff is using Exhibits and Discovery from his Original Civil Commitment Case as Evidence in this case because it is also in *Kansas v. Hendricks,* 521 U.S. 346 and they prove that the Act and the Program is Punitive and Unconstitutional.

The Defendant's don't want this case to go to Trial and therefore they are using a "shotgun attack" approach in their litigation against the Plaintiff because they know that their Program and Act is Punitive and Unconstitutional.

The Plaintiff has beared the burden of showing subject-matter jurisdiction in this case by the exhibits that he has presented in this case.

Therefore, the Defendant's claims that this Court does not have Jurisdiction in this case and for the Plaintiff are errant and the Plaintiff humbly requests that the Court rules in his favor in this matter.

## B. <u>NO CLAIM STATED</u>

The Plaintiff before this Honorable Court brought this civil action pursuant to *42 U.S.C. 1983* to address violations of his Procedural and Substantive Due Process Rights, Protection against Ex Post Facto, his Freedom of Speech Rights, Protection from Cruel and Unusual Punishment, Protection from Double Jeopardy, Unequal Protection of the Law, violations of his protections of Search and Seizure, violations of his *1st, 4th, 5th, 6th and 14th Amendment Rights* of the United States Constitution, and violations of Federal and State Case Law by the Defendants and hence making the KSVPA and SPTP Unconstitutional and Punitive. Plaintiff reserves his right to amend this brief and to add parties as additional evidence is uncovered during the discovery process.

The Plaintiff has been very clear and concise in his statement of the Facts in this Case, his claims against the Defendant's, the role the Defendant's played in violating his Constitutional and Statutory Rights, how he wants the Court to redress the wrongs done to him by the Defendant's, and the prayer for relief.

This Court has accepted as true all well-pleaded factual allegations in this complaint against the Defendants because that is how this case has progressed to this point, *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009).

It is the Duty and Responsibility of the Plaintiff to Litigate this case and to bring this action against the Defendant's and this means that he is entitled to file all filings that are necessary to making his case and defending his Constitutional Rights and the injuries from the Defendant's.

This case also contains enough facts to state a claim for relief that is plausible on its face, *Bell Atl. Corp. v. Trombly,* 550 U.S. 544, 570 (2007) because of the Exhibits the Plaintiff has used and the statements and claims that the Plaintiff has made against the Defendant's in his filings against them.

The Plaintiff is pro se and has alleged sufficient facts "on which a recognized legal claim could be based," *Riddle v. Mondragon,* 83 F.3d 1197, 1202 (10th Cir. 1996) because of the Exhibits the Plaintiff has used and the statements and claims that the Plaintiff has made against the Defendant's in his filings against them.

The Defendant's are barred from having second chairs and any additional chairs of counsel if they believe that the Plaintiff is having help with his legal work.

Once again the Defendant's are incorrect that the Plaintiff did not State a Claim in this case.

## C. <u>CONSTITUTIONAL VIOLATIONS</u>

The Plaintiff laid out the facts and proof of his Constitutional Rights being violated by the Defendant's in his Complaint/Amended Complaint and following legal filings against the Defendant's.

1. <u>11th Amendment bars Hay's state-law claims in their entirety and his § 1983 claims for monetary damages</u>

The Plaintiff has proven in his filings against the Defendants that the *Ex Parte Young* exception allows the Plaintiff to seek prospective relief against a state official for ongoing violations of federal law, *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n,* 535 U.S. 635, 645 (2002); see also *Ex Parte Young,* 209 U.S. 123 (1908).

The Plaintiff does have constitutional standing in this case against the Defendant's to invoke the *Ex Parte Young* exception, *Johnston v. Prairie View, Inc.,* No. 19-2041-HLT, 2020 WL 1984287, at *3 (D. Kan. Apr. 27, 2020); see also *James v. Hegar,* 86 F.4th 1076, 1078 (5th Cir. 2023) because the Defendant's are still violating the Plaintiff's Constitutional Rights.

2. <u>Hay fails to establish constitutional standing for most of his claims for relief due to lack of an actual injury, lack of causation, and lack of redressability.</u>

The Plaintiff states that in this section of the Defendant's Motion for Judgment the Defendant's make the case for the Plaintiff in their arguments and supporting case law.

3. <u>Hay fails to establish an injury in fact to support prospective relief based on inadequate treatment because he was not participating in treatment at the time of the Complaint.</u>

The Plaintiff *__only__* needs to participate in Care and Treatment in the Program IF he is acting and behaving Sexually Deviant and/or Sexually Abusive. The Plaintiff has not done so since July

1991, almost 34 years ago. Pursuant to the Defendant's DSM-V-TR that is Full and Complete Remission of his Mental Abnormality and Personality Disorder, hence the Plaintiff does not need to participate in Care and Treatment.

The Plaintiff fully and completely demonstrated that the Legislative Intent of the Act and the Program was not and was never to be Care and Treatment, but Continued Punishment. The Kansas Legislators and the Kansas Governor, much like all the other 19 other states with the Program, selected Larned, Kansas (a remote location for the housing of the Plaintiff and the Program).

The Program could have been located near the University of Kansas in Lawrence, Kansas where the Program and the Hospital would have thousands of Medical and Mental Health students to assist in their workforce. But Larned was chosen.

The Program could have been located in or near Wichita, Kansas with some 600, 000 people in the metro area to feed its workforce and 4 Catholic hospitals to supply assistance with Care and Treatment. But Larned was chosen.

The Program could have been located in or near Kansas City, Kansas where millions of people could supply a workforce and the Archdiocese of Kansas City could assist with the Medical and Mental Health Care and Treatment. But Larned was Chosen.

The Secretary of SRS (now KDADS) and the Superintendent of the Hospital testified in March 1994 at the Kansas House Judiciary Committee for Senate Bill 525: *"Larned State Hospital doesn't have the capacity for the Program and the Hospital is dying."* (Please see the Plaintiff's Amended Complaint and Supplemental Response).

The Act and the Program is now one of the biggest and greatest Ponzi Schemes in the United States. Another Grand Jury Indictment is needed in this matter.

The Kansas Sexually Violent Predator Act was passed as an Earmark on two Kansas Bills (1 for Highways and 1 for Farmers) and enacted on July 1, 1994. The Act was not publicized to the media or the public. This was because the Act and the Program is "targeted legislation" against a "select group of offenders" (Please see *K.S.A. 59-29a01a*).

This makes the Act and the Program a Hate Crime and the Plaintiff is now considering a Grand Jury Indictment into all the employees of the Program and the Hospital and anyone attached to the Defendant's.

The Defendant's have never told the Plaintiff when, where and how the Plaintiff became a Sexually Violent Predator, acquired his Mental Abnormality and Personality Disorder and why Sex Offender Treatment Program at Lansing Correctional Facility failed to Care and Treat the Plaintiff correctly.

If the Plaintiff had a Mental Abnormality and/or Personality Disorder before he went to prison than the Defendant's knew that he lacked Volitional and Emotional Control and still Punished him. The Criminal Justice System in the United States does not send Mentally Ill people and the Criminally Insane to Prison, but the State of Kansas did and then subjected the Plaintiff to the Punishment and Torture of the Defendants.

The Plaintiff in his Memorandum of Law proved that the Client for the Act and Program is the State of Kansas and not the Plaintiff when Mr. Brad Base, the President of Sunflower Brad Base, the president of Sunflower Behavioral Health, a company that contracts with Kansas to provide mental-health staffing to the SPTP, *"However, before you go too far down that path, remember who our client is. We serve the State. The State is our client, not the person sitting across from us in sessions. If we are going to be effective in bringing about change to the person sitting across from us in sessions, we must first gain the trust and ability to work effectively with our client, the State."*      - Brad Base to Mick. (Please see Plaintiff's Exhibit 1 of his Memorandum of Law, Page 5).

By making the State the Client of the Program and the Act, the Defendant's have confirmed the actual Legislative Intent of the Act and the Program and makes the case for the Plaintiff.

This is Punitive and makes the Act and the Program Unconstitutional.

The Plaintiff in his Memorandum of Law proved that Sex Offender Treatment Programs are basically a fraud and a money maker for the States, the Clients. (***Please see Plaintiff's Exhibit 2 of his Memorandum of*** Law). This is Punitive and makes the Act and the Program Unconstitutional.

*In re Davis*, 2020 Kan. App. Unpub. LEXIS 641 Copy Citation Court of Appeals of Kansas September 18, 2020, Opinion Filed No. 121,947 Dr. Derek Grimmell testified: *"Sex Offender Treatment Program in the Kansas Department of Corrections is **Civil Commitment Interrogation."***

While in Sex Offender Treatment Program at Lansing Correctional Facility the Plaintiff was videotaped discussing his Sexual Offenses. This tape was then given to the Kansas Attorney

General's Office and then to the Johnson County District Attorney's Office so that the Plaintiff could be prosecuted as a sexually violent predator.

This is not Care and Treatment, but Punishment and "targeted prosecution" (hate crime). As Mr. Paul Morrison, the Johnson County District Attorney in 1994, testified to the Kansas House Judiciary Committee in March 1994: *"Consider Ken Hay."*

The Plaintiff is still suffering this continuing injury and is under a real and immediate threat of being injured in the future, *Colo. Cross-Disability Coal. V. Abercrombie & Fitch Co.,* 765 F.3d 1205, 1211 (10th Cir. 2014); see also *Barney v. Pulsipher,* 143 F.3d 1299, 1306 n.3 (10th Cir. 1998).

In the 30 years the Plaintiff has been in the custody, care and control of the Defendant's their Treatment has failed because if it had not the Plaintiff would be in Reintegration and/or Conditional Release by now. The Plaintiff has completed 10 Relapse Prevention Plans in 30 years. The Plaintiff has "completed" the Program several times in his 30 years.

**How much Treatment does the Plaintiff need after 30 years, most especially when you are in Full and Complete Remission.**

The Plaintiff was being subjected to injuries by the Defendant's in regards to Constitutional, Statutory and Human Rights violations due to his Conditions of Confinement and lack of Due Process in the Act and the Program.

The Plaintiff is housed with offenders that are gangmembers and are operating a Federal Rico Act in the Program. The Redwolf and Graywolf Native American Religious Callouts are a front for this operation. Another Grand Jury Indictment is needed in this matter.

The Program, especially the Administration not just the Defendant's, encourage Tier 2 residents and V.T.P. (Vocational Training Program) residents to "manage" the units and the buildings. As Resident John Hargis (a.k.a. "Cupcake") stated to the Plaintiff: *"Keri Applequist puts me on units to police the residents and staff."* This makes the V.T.P. an extension of the Rico Act and Ponzi Scheme in the Program.

It is the discretion of the Court and not the Defendant's if the Court allows the Plaintiff to file additional pleadings and if those pleadings will be heard and if they will be stricken from the Court record. Now the Defendant's have treaded onto the Purview and Jurisdiction of the Court.

The Plaintiff is not asking this Court to render a verdict in a "state court loser" which is his original civil commitment case. The Plaintiff is asking this Court to render a verdict in regards to

the Defendant's violating his Constitutional Rights and this dates back to the beginning of the Program.

*Heck v. Humphrey,* 512 U.S. 477, 489-90 (1994) supports the Plaintiffs case because the Defendant's have not given him a "clear path to release", not told him how, when, where, and why he acquired his Mental Abnormality or Personality Disorder, are still trying to treat him when he is in Full and Complete Remission, and is subjecting him to a prison environment with no Due Process.

### 4. *Kansas v. Hendricks,* 521 U.S. 346

The Plaintiff is challenging the Constitutionality of the Program and the Act and therefore must challenge *Hendricks.* The Court certainly knows and the Defendant's Counsel knows that in order to prove that a Statute is Unconstitutional the Plaintiff must prove this beyond a reasonable doubt because the Court will render a verdict stating that the Legislative Intent of the Act and the Program was Constitutional from the beginning.

However, in all his filings the Plaintiff has proven clearly and demonstratively that the Act and the Program is Punitive and Unconstitutional.

In *Merryfield v. State,* 2024 U.S. Dist. LEXIS 97973 Judge Broome stated, *"The State of Kansas relies too much on Hendricks."*

*In re Davis,* 2020 Kan. App. Unpub. LEXIS 641 Copy Citation Court of Appeals of Kansas September 18, 2020, Opinion Filed No. 121,947 at a Motions Hearing on April 16, 2018 Judge Magana stated: *"Civil Commitment of Sexually Violent Predators and the KSVPA is a Hybrid Statutory Scheme containing both Criminal and Civil Procedural Process. This leads to a Constitutional and Litigation Nightmare."*

The Legislative Intent of the Act and the Intent is and was not Care and Treatment as the Plaintiff has proven in this case and therefore the 11 considerations that the United States Supreme Court used to determine that the Act and the Program is not Punitive and Unconstitutional. The Language of the Act verifies this as well because it is called the Kansas Sexually Violent Predator Act and not the Kansas Sexual Predator Treatment Act.

The Confinement of the Plaintiff is only needed and warranted if he is Mentally Unstable and a danger to the public. However, he has proven that he is not in his 30 years in the Program. Therefore his confinement in the Program is Punitive and Unconstitutional.

Retribution and Deterrence are the two Primary Objectives of the Act and the Program because the Defendant's state that their mission is "no more victims" and the State is their Client. This is the best method of lowering recidivism. Proof of this is that the State of Kansas (the Client) has Mandatory Minimums for Sexual Offenses today.

The burden of proof switches to the Plaintiff following Commitment to the Program from the State. This then makes the statement: *"'periodic' reviews check that the grounds for confinement continue to exist, with the same burden of proof set on the state as for initial confinement, id.* At 363-64 (quoting *Jones v. United States,* 463 U.S. 354, 368 (1983)), 368-69. This makes the Act and the Program Punitive and Unconstitutional and reverses *Hendricks.*

Since treatment is not required when no adequate treatment is available and treatment is ancillary, at best, then why do the Defendant's complain about the Plaintiff being Treatment Resistant. Also why isn't the Plaintiff still in prison rather than a "treatment" facility since treatment is not required when no adequate treatment is available. Why do the Defendant's even provide Treatment to the Plaintiff since no adequate treatment exists. This makes the Program and the Act Punitive and Unconstitutional and proves that this was the Legislative Intent of the Act and the Program.

On Page 13 of the Defendant's Motion for Judgment it states: *"Civil commitment under the KSVPA is not retributive because: (A) it does not seek "to punish past misdeeds" but to "protect the public from harm"; (B) it does not require a criminal conviction."* This is errant because at every Annual Exam the Program reminds the Plaintiff of his Criminal Convictions and says that he is always dangerous and can't control himself.

**Treatment is not required in Prison and is ancillary as well in Prison, the Plaintiff needs the Defendant's and the Court to describe the difference between Prison and the Program.** The Plaintiff also needs the Defendant's and the Court to describe, in detail, what a "civil statutory scheme with a non-punitive effect" actually is and how it is applied.

In *Hendricks* Justice Kennedy stated: *"If the Program ever stops being Treatment we will strike it down."* Now the Defendants are doubling down on treatment not being available or adequate and also being ancillary. The Defendant's seem to want their "cake and eat it too."

### 5. 5th Amendment claims by the Plaintiff

Since the Defendant's state that the Plaintiff does not have a right or a protection under the 5th Amendment then the Act and the Program cannot be Civil, Non-Punitive and Constitutional. This is because every 90 days the Plaintiff is administered a C.I.T.P. (Comprehensive Integrated Treatment Plan) and every Year he is administered an Annual Exam by the Defendants in which the Defendants use the Plaintiff's Criminal History against him to keep him confined in the Program. This is Double Jeopardy.

### 6. 6th and 14th Amendment claims by the Plaintiff

Since the Defendant's state that the Plaintiff does not have a right or a protection under the 6th and 14th Amendments to Jury Trials then that means the Program and the Act is Punitive and Unconstitutional. The Plaintiff had a right to a jury trial before commitment, but not afterwards, this is Cruel and Unusual Punishment and a violation of Due Process. It is also a violation of Equal Protection of the Law under the 14th Amendment because Criminal Defendants and other Civilly Committed Persons have this right and protection. This means that the Defendant's and their Counsel have reversed *Ohlinger v. Watson,* 652 F.2d 775, *Jones v. Blanas,* 393 F.3d 918 *and Youngberg v. Romeo*, 457 U.S. 307 by their statements in this section.

It does violate Due Process for Legislature to change law when the Defendant's took away Constitutional Rights and Protections that the Plaintiff enjoyed prior to *K.S.A. 59-29a22* being changed in 2017.

*Rooker-Feldman* and *Heck v. Humphrey* do not apply to C.I.T.P.'s and Annual Exams, which the Defendant's and their Counsel provided to the Court and the Plaintiff in their Motion for Judgment.

Since the Defendant's state that the Plaintiff does not have a right or a protection under the 6th Amendment to confront his accuser at his annual and most especially the writer of the annual report this does violate his 6th Amendment Right. It also means that the Defendant's and their Counsel have reversed *Ohlinger v. Watson,* 652 F.2d 775, *Jones v. Blanas,* 393 F.3d 918 *and Youngberg v. Romeo*, 457 U.S. 307 by their statements in this section because Criminal Defendants and other Civilly Committed Persons have this right and protection.

The Defendant's don't want the Plaintiff present at the annual review hearings because they know that the Committing Court will hear the Truth and Facts about the Program and the Hospital. That is why the Plaintiff has been "hidden" by the Defendant's for 30 years.

The only material evidence required in the annual reports and annual review hearings is whether the Plaintiff has committed a Sexually Violent Offense in the last year, whether he still suffers from a mental abnormality or personality disorder and whether he is still dangerous.

### 7. **SPTP Progress Review Panel**

How can the SPTP Progress Review Panel actually be about Progress since the Plaintiff is barred from seeing them yearly. The Panel consists of actually qualified, licensed and certified Medical and Mental Health Professionals that can give the proper feedback and treatment to the Plaintiff for him to attain his progression and release, but he is barred from this because of an SPTP Policy, which somehow is more authoritative than a State or Federal Statute.

The Plaintiff should have an appeal process for when he does see the Panel. This is to prevent any errors by the Panel and to protect the Constitutional Rights of the Plaintiff.

The Plaintiff has a 6th Amendment Right to confront his accusers on the Panel if they voted against him.

Since Due Process does not attach to proceedings before the Panel or to his level of treatment (*See Burch v. Jordan,* 2010 WL 5391569, at *1) than the Act and the Program is Punitive and Unconstitutional. Due Process exists for the Plaintiff and not the Defendant's. Criminal Defendants and other Civilly Committed Persons have this right and protection.

Since there is no federal constitutional right to an institutional grievance procedure for SPTP residents, *Merryfield v. Jordan,* 431 F. App'x 743, 744, 750 (10th Cir. 2011) then the Act and the Program is Punitive and Unconstitutional. Criminal Defendants and other Civilly Committed Persons have this right and protection. This is why the Plaintiff needs and wants a Civil Commitment Litigation Reform Act and Kansas Administrative Regulations for the Act and the Program.

Since procedural due process does not attach to the resident grievance process then the Act and the Program is Punitive and Unconstitutional. Criminal Defendants and other Civilly Committed Persons have this right and protection. This is why the Plaintiff needs and wants a

Civil Commitment Litigation Reform Act and Kansas Administrative Regulations for the Act and the Program.

## 8. <u>Annual Reviews</u>

The Annual Reviews are not periodic they are ANNUAL, which means once per year. The C.I.T.P.'s are Periodic. The reason that the Defendant's had the Legislature change the Statutes to take away the right instituted in *Hendricks* to petition for release at anytime and for immediate release is so that it would be harder for the Plaintiff to get released and to have more power and authority given to the Program, not to mention money for his confinement.

This is happening now when Ms. Taisa Mick meets with the Kansas Legislature and the Kansas Governor about the Program. This has prompted Dr. Mohr to issue a survey to the residents of the Program so that it looks as if the Program and the Defendant's are complying with the Court. (*Please see Plaintiff's Exhibits 1A and 1B).*

The annual review process is part of a court case because it initiates the annual review hearing and the journal entry from the Committing Court stating whether or not the Plaintiff will be re-committed for the next year or not. As *K.S.A. 59-29a08(a)* states: *"Each person committed under the Kansas sexually violent predator act shall have a current examination of the person's mental condition made once every year. The secretary shall provide the person with an annual written notice of the person's right to petition the court for release over the secretary's objection. The notice shall contain a waiver of rights. The secretary shall also forward the annual report, as well as the annual notice and waiver form, to the court that committed the person under the Kansas sexually violent predator act. The court shall file the notice and the report upon receipt and forward the file-stamped copy to the attorney general. The attorney general shall forward a file-stamped copy of the annual written notice and annual report to the secretary upon receipt."*

Then *K.S.A. 59-29a08(d)* states that the Annual Report is a part of the Trial Court Record at the Annual Review Hearing.

### 9. Hay's 14th Amendment equal-protection claims fail because he is not similarly situated to the referenced groups

The Defendant's are incorrect about this statement because *Ohlinger v. Watson,* 652 F.2d 775, *Jones v. Blanas,* 393 F.3d 918 *and Youngberg v. Romeo*, 457 U.S. 307 states that the Plaintiff is to be treated the same as or better than his Criminal Counterparts and those others Civilly Committed. However, the Constitutional Rights and Protections that they have the Plaintiff does not enjoy and the Plaintiff has lost many Rights over the 30 years in the Program as the Defendant's have taken them away from him.

### 10. Hay's Ex Post Facto claims fail because they are premised on his original commitment being wrongful, his commitment is not punitive, and they are not premised on any legislative acts.

The Defendant's are denying that the same criteria used to civilly commit the Plaintiff are not used every year at his annual review hearings when both the Kansas Statutes and the Annual Reports themselves prove otherwise. The Defendant's provided the Court copies of the Plaintiff's annuals in their Motion for Judgment.

There have been 69 Legislative Changes to the Act and the Program since the Plaintiff's original civil commitment on May 12, 1995. All of them reverse *Hendricks.*

### D. Declarations

1. Dr. Mohr is a clinical member with the Association for the Treatment and Prevention of Sexual Abuse (ATSA) and an affiliate member of the Society for the Advancement of Actuarial Risk Need Assessment (SAARNA).
   a. This makes the decisions and actions that Dr. Mohr commits in the Program *"fruits of a poisonous tree"* and a *"conflict of interest"*.
2. Dr. Mohr states in her Declaration that Security is the Chief concern of the Defendant's and not Treatment therefore the Program is Punitive and Unconstitutional.

3. Dr. Mohr fails to testify that the Plaintiffs recidivism rate discharging from Sex Offender Treatment Program at Lansing Correctional Facility was **20%.**

4. Dr. Mohr testifies in paragraph 13 of her Declaration: *"Dillon is a secure facility with similar security to a jail or prison. Entry to and exit from the buildings are by security-monitored, locked entrances. Its grounds are surrounded by fencing and razor wire. The fencing is separated from surrounding structures and woodlands to prevent unobserved access."*

   a. This proves that the Program is Punitive and Unconstitutional because the Conditions of Confinement are that of Prison.

5. In paragraph 23 of her Declaration Dr. Mohr testifies: *"Nineteen residents have successfully completed treatment and have been fully released from SPTP; 15 of the 19 achieved Final Discharge under the new Tier system."*

   a. 19 completions in 30 years is defined as successful by Dr. Mohr.

   b. **75 "graduations" (deaths) in 30 years have occurred since the Plaintiff has been in the custody, care and control of the Defendants.**

      i. The State is truly their Client.

6. In paragraph 42 of her Declaration Dr. Mohr states: *" 'Therapy' is broader than 'treatment'. Therapy includes treatment, but not all therapy is considered treatment."*

   a. So Dr. Mohr is stating now that this is the Kansas Sexual Predator **Therapy** Program.

      i. The Plaintiff was sent to the Program for Treatment for his Sexual Offenses and not *"a broader term called therapy."*

7. Dr. Mohr mentions *K.S.A. 59-29a12(a),* but never states why the Defendant's have not exercised this on the Plaintiff and how much they would have billed him for being in their custody and control for 30 years.

   a. How can the Program be a *"civil statutory scheme with a non-punitive effect"* and Involuntary when the Defendants can bill the Plaintiff and his loved ones.

   b. When the Defendants bill the Plaintiff for them caring for him in their custody and control they will be obligated to give him an Itemized Bill of where the money went and why.

8. Because of paragraph 5 of Ms. Applequists Declaration she similarly situates the Plaintiff with the other group of Offenders and Civilly Committed persons at Larned State Hospital, which undercuts the arguments made by their counsel in their Motion for Judgment.

9. In paragraph 10 of Ms. Applequists Declaration she mentions the VTP jobs available within the Program. None of them are allowed to be worked by residents at Tier 3 or Conditional Release. So Tier 1 and Tier 2 VTP is Punitive and Unconstitutional.

### E.  Final Conclusion

Your Honor, thank you for the time and opportunity to speak with you today and share my thoughts, feelings, heart, and soul with you.

I am not an educated man and I certainly am not a legal professional. However, I am a simple man that is fighting for my Constitutional and Statutory Rights.

I come to you humbly and respectfully to present to you my side of the journey that has taken place the last 34 years of my life.

Your Honor, Civil Commitment of sexually violent predators is an abomination of both Civil and Criminal Law. It is a mockery of the Justice and Legal System. It makes the Declaration of Independence and the Constitution weep as that of a mother over the death of her child.

The Act and the Program are not *a "civil statutory scheme with a non-punitive effect."*

I have made this very obvious in my Discovery, Exhibits, Case Law, and Filings.

The recidivism rate of sexual offenders and sexual predators is not *"frightening and high"* and is not as high as 80%, but rather 3% or less. This means that the Act and the Program is based on a lie and are shams that are driven by fear and paranoia. The Legislatures of 20 states have been manipulated and bullied into "buying" a false "treatment program" that violates the Constitutional and Statutory Rights of the patients and residents that they say they are "treating".

However, Kansas has proven over 30 years that the State is their Client and not the patient or resident. This blatantly demonstrates and displays that the Act and the Program is Punitive and Unconstitutional.

I am now reminded of the following Your Honor:

*"The sacred rights of mankind are not to be rummaged for, among old parchments, or musty records. They are written, as with a sun beam in the whole volume of human nature, by the hand of the divinity itself; and can never be erased or obscured by mortal power."* – Alexander Hamilton, 1775

*"The basis of our political systems is the right of the people to make and to alter their Constitutions of Government. But the Constitution which at any time exists, 'till changed by an explicit and authentic act of the whole People is sacredly obligatory upon all."* – George Washington, 1796

*"The Declaration of Independence . . . [is the] declaratory charter of our rights, and the rights of man."* – Thomas Jefferson, 1819

*"But when a long term of Abuses and Usurpations, pursuing invariably the same Object, evinces a design to reduce them under absolute Despotism, it is their Right, it is their Duty, to throw off such Government, and to provide new Guards for their future Security."* - Declaration of Independence.

Your Honor, this is essentially what I am hoping, praying and asking this Honorable Court to do in this case. That is to correct almost 40 years of tyranny, persecution, oppression and evil that has been perpetrated by the State of Kansas and all 19 other states that have Civil Commitment of sexually violent predators.

Of course, this case sets the precedent for the foundation to assist my Criminal Counterparts in repealing the "legal monstrosities" of Registration and Lifetime Post – Release/Parole. I call them "modern day 'Golden Stars of David'" for the offender to be marked by.

Your Honor, I believe that with the advent of the Mandatory Minimum laws in the United States and with the discretion of the State Parole Boards that the Control, Care, Therapy, Rehabilitation, Treatment, Monitoring, Correction, Confinement, and Release of sexual offenders and sexual predators belongs to the Federal and State Department of Corrections. This is some of the reasons why I have requested the specific prayers for relief that I have from this Honorable Court and I reiterate them at this time.

On April 22, 2016 the Kansas Supreme Court came to the goalline of freedom and liberty when in the Morning Session they ruled that Offender Registration was Unconstitutional,

Punitive and not a *"civil statutory scheme with a non-punitive effect."* They even used *Kansas v. Hendricks* **(as Registration and Civil Commitment are linked)** to repeal the Act and the Law.

Then in the Afternoon Session they overturned that ruling with several cases.

Finally, as I close and thank this Court for its time to speak and represent myself and the millions of sexual offenders and sexual predators in the United States I state I know that I have put this Court in a tough and almost impossible position with what I am requesting as a ruling. However, I am doing what I believe to be is an act of obedience to my Lord and Savior Jesus Christ and His Mother Mary and answering their calling and anointing to redeem a people that have no voice.

*Hendricks* is moot, null, void and irrelevant.

We need a fresh ruling that sets the record straight of what Civil Commitment of sexually violent predators actually is after 30 years of failing.

I believe that today is the day of salvation and now is the time for liberation and that that is why we are here today before you Your Honor in this Court having this hearing. As President Franklin Delano Roosevelt stated: *"All we have to fear, is fear itself."* Or as President John F. Kennedy stated: *"We choose to go to the moon at the end of this decade, not because it is easy, but because it is hard."*

Yes, Your Honor, it is truly time to *"consider Ken Hay."*

**THEREFORE,** Your Honor, the Plaintiff humbly requests that this Honorable Court grants this Motion in Response to the Defendants Motion for Judgment and denies the Defendants Motion for Judgment.

## CERTIFICATE OF SERVICE

I, <u>KENNETH HAY</u>, hereby certify that a True and Correct Copy of this Motion in

Response to the Defendants Motion for Judgment was sent, by U.S. Mail, postage

prepaid, on this ___3___ day of the month of _*Feb,*_____ of the year _25_ to

the following parties in this case:

Kansas Attorney General's Office        United States District Courthouse
**C/O Mr. Matthew Shoger**              **C/O Clerk of the District Court**
120 S.W. 10th Street, 2nd Floor        444 S.E. Quincy
Topeka, Kansas 66612                    490 U.S. Courthouse
                                        Topeka, Kansas 66683

                              Respectfully Submitted,

                              *Kenneth Mark Hay*
                              Mr. Kenneth Mark Hay
                              1301 Kansas Highway 264
                              Larned, Kansas 67550-5353
                              620-285-4660 extension 4