### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KENNETH MARK HAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO. 23-3175-HLT-GEB** |
| ) | |
| **KERI APPLEQUIST, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

### ORDER

This matter comes before the Court on Defendants' Motion to Stay Discovery **(ECF No. 53)** and Plaintiff's Motion for Discovery from Defendants **(ECF No. 55)**. For the reasons set forth below, Defendants' Motion to Stay Discovery is **GRANTED** and Plaintiff's Motion for Discovery from Defendants is **DENIED.**

Plaintiff, a resident civilly committed to the Sexual Predator Treatment Program at Larned State Hospital, alleges his continued civil commitment violates certain constitutional rights. Plaintiff's Motion for Leave to Proceed in Forma Pauperis was granted (ECF No. 5). He filed an Amended Complaint as a matter of right under Fed. R. Civ. P. 15 (ECF No. 8). Defendants filed a Motion to Quash Service and for Court Review of Amended Complaint (ECF No. 21). The Motion to Quash Service and for Court Review of Amended Complaint was granted in part and denied in part and a Report and Recommendation regarding the dismissal of certain of Plaintiff's claims (ECF No. 29) was entered. The Court felt the remaining issues would benefit from additional briefing. District

1

Judge Holly L. Teeter adopted the Court's Report and Recommendation (ECF No. 34) and Defendants filed their Answer to Plaintiff's Amended Complaint (ECF No. 38).

The Court set a Status Conference to discuss any discovery needed and deadlines in the case on December 20, 2024. A Scheduling Order was entered setting deadlines for a proposed Protective Order, settlement proposals, serving written discovery, and set a second Status Conference for February 28, 2025 at 10:00 a.m. via Zoom (ECF No. 44). Thereafter, Defendants filed a Motion for Judgment on the Pleadings (ECF No. 52) and the current Motion to Stay and Plaintiff filed his Motion for Discovery, which although styled as a motion appears to be nothing more than a request for production of documents.

Defendants' Motion for Judgment on the Pleadings seeks to dismiss all remaining claims for lack of subject matter jurisdiction due to Eleventh Amendment immunity, lack of constitutional standing, and based upon the *Rooker-Feldmen* doctrine (ECF No. 52). "The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court."[1]

> It has long been the general policy in the District of Kansas not to stay discovery merely because a dispositive motion has been filed. However, there are four recognized exceptions to this policy. That is, a discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or

---

[1] *Cetin v. Kansas City Kansas Cmty. Coll.*, No. 23-2219-KHV, 2023 WL 8188599, at *1 (D. Kan. Nov. 27, 2023) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)).

>   (4) the dispositive motion raises issues as to a defendant's immunity from suit.[2]

Generally, defendants are entitled to have questions of immunity determined before being required to engage in "the burdens of such pretrial matters as discovery."[3] "[B]ecause qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity."[4] "The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed."[5] "Eleventh Amendment immunity, likewise, is a bar to discovery."[6] A stay of discovery is appropriate because a ruling on the Motion for Judgment on the Pleadings is likely to conclude Plaintiff's case and because Defendants' raise the issue of qualified immunity in the motion.

Therefore, **IT IS ORDERED** Defendants' Motion to Stay Discovery **(ECF No. 53)** is **GRANTED** and Plaintiff's Motion for Discovery from Defendants **(ECF No. 55)** is **DENIED.**

**IT IS FURTHER ORDERED** discovery in this case is stayed pending decision on Defendants' Motion for Judgment on the Pleadings (ECF No. 52). The parties are relieved of any obligation to respond to previously served discovery, relieved of any remaining obligations set forth in their Scheduling Order (ECF No. 44), and the Status Conference

---

[2] *Arnold v. City of Olathe, Kansas*, No. 18-2703-CM, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019), *objections overruled,* No. 18-2703-CM, 2019 WL 2435725 (D. Kan. June 11, 2019).
[3] *Id.* (quoting *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001).
[4] *Id.* (quoting *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014)).
[5] *Id.* (citing *Siegert v. Gilley*, 500 U.S. 226, 23 (1991) ("The entitlement is an immunity from suit rather than a mere defense to liability....").
[6] *Jones v. Kansas*, No. 12-2486-KHV, 2012 WL 5362905, at *2 (D. Kan. Oct. 31, 2012).

set for **February 28, 2025 at 10:00 a.m. via Zoom is CANCELLED.** The Court will endeavor to reschedule the Status Conference following a decision on the motion, if necessary.

**IT IS SO OREDERED.**

Dated February 20, 2025.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge
