## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**KENNETH MARK HAY,**

      **Plaintiff,**

      **v.**                               **Case No.  5:23-cv-03175-HLT-GEB**

**KERI APPLEQUIST,  et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Kenneth Hay is a resident at a Kansas state hospital in Larned. Plaintiff is civilly committed to the state's Sexual Predator Treatment Program (SPTP) there.[1] Plaintiff, acting pro se,[2] claims both the fact and conditions of his continued civil commitment violate his constitutional rights as well as Kansas state law. Plaintiff sues Defendants Keri Applequist, Lindsey Dinkel, Haleigh Bennett, and Linda Kidd in their official capacities under 42 U.S.C. § 1983 and several state statutes.[3] Plaintiff seeks injunctive relief and compensatory and punitive damages.

Defendants move to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and for judgment on the pleadings under Rule 12(c). The Court concludes that it lacks subject matter jurisdiction over Plaintiff's § 1983 official capacity damages claims and his pendent state law claims because of the Eleventh Amendment. The Court also concludes that Plaintiff fails to state a

---

[1] Plaintiff has been a resident of SPTP since 1995. Kansas committed him under its Sexually Violent Predator Act (SVPA). The SVPA allows Kansas to involuntarily civilly commit sexually violent predators for control, care, and treatment. K.S.A. § 59-29a01(a).

[2] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers, but the Court does not assume the role of advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] Plaintiff's amended complaint contained a due process claim challenging his original commitment to the SPTP under the SVPA. His amended complaint also contained a First Amendment claim. Both claims were dismissed after initial screening. Doc. 34 at 10 (adopting Judge Birzer's report and recommendation at Doc. 29). The Court also dismissed Plaintiff's claims against Defendants against them in their individual capacities. *Id.*

claim because he cannot use § 1983 to challenge the fact or duration of his commitment. And even if some of his grievances are construed as discrete challenges under § 1983 to the conditions of his commitment, none are cognizable. The Court works through these issues below.[4]

**Eleventh Amendment.** Defendants make two jurisdictional arguments based on the Eleventh Amendment. First, Defendants argue the Eleventh Amendment bars claims for compensatory or punitive damages against Defendants in their official capacities. Defendants are correct. The Eleventh Amendment bars damages claims against employees of the state who are sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Even if personally named as a defendant, an official capacity state defendant's liability is nevertheless borne by the state. *Id.* at 169. It is therefore understood as a suit against the state itself and is consequently barred by the Eleventh Amendment. *Id.* Here, there are only official capacity claims against Defendants. *See* Doc. 34 at 10. The Court lacks jurisdiction over Plaintiff's claims to the extent he seeks money damages.

Second, Defendants argue Plaintiff is barred from seeking relief in federal court under § 1983 for alleged ongoing violations of state law. Defendants are again correct. The United States Supreme Court in *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984), held that a federal court's ability to hear federal claims against state officers through *Ex Parte Young* does not extend to pendent state law claims and that the Eleventh Amendment's grant of sovereign immunity therefore prevents the federal courts from exercising jurisdiction over them. *Id.* at 121-123. The Court therefore lacks jurisdiction over Plaintiff's state law claims.

---

[4]    The Court notes that Defendants also argue Plaintiff lacks standing to challenge certain aspects of the SPTP that he doesn't participate in. The Court has considered Defendants' standing argument and rejects it. The Court interprets these particular challenges by Plaintiff as part of a larger sustained attack on the SPTP's characterization as non-punitive. And because Plaintiff is a resident of the SPTP, standing is not a barrier to this Court's subject matter jurisdiction.

**Fact and Duration of Commitment Under the SPTP.** Defendants argue that Plaintiff cannot challenge the fact of his confinement under § 1983.[5] The Court agrees. Generally, one who is in state confinement cannot use § 1983 to challenge the fact of his confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 77-78 (2005). Section 1983 is limited to challenges to the conditions of confinement. Challenges to the fact of state confinement usually must be brought through a habeas petition and comply with the exacting procedural requirements of 28 U.S.C. § 2254. *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). This rule applies to prisoners who are incarcerated as well as to individuals subject to civil commitment. *E.g.*, *Dwerlkotte v. Mitchell*, 2022 WL 2340845, at *3-4 (D. Kan. 2022). This principle forecloses what remains of Plaintiff's challenge to the SPTP.

A § 1983 action by one in state custody is "barred (absent prior invalidation) no matter the relief sought (damages or equitable relief), no matter the target of the [plaintiff's] suit (state conduct leading to [confinement] or internal [institutional] proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81-82 (emphasis omitted). Were the rule otherwise, litigants could bypass procedural requirements found in § 2254 but not in § 1983. *See generally Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994) (noting the difference in scope and operation of § 1983 and § 2254). This bar applies to § 1983 claims for damages and for declaratory and forms of injunctive relief that imply the present invalidity of confinement. *Wilkinson*, 544 U.S. at 81-82; *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 520 n.26 (10th Cir. 2023). Plaintiff cannot therefore use § 1983 to challenge the

---

[5]    Among the arguments Defendants make is that *Rooker-Feldman* is a jurisdictional barrier to Plaintiff's challenge to the SPTP. The Court rejects this argument. The idea behind *Rooker-Feldman* is that a litigant who is unsuccessful in state court cannot turn around and ask a federal court to review and reverse the state court's decision. *Skinner v. Switzer*, 562 U.S. 521, 531-32 (2011).

fact of his commitment in the SPTP. Plaintiff's challenge to the SPTP's constitutionality under § 1983 therefore fails to state a claim upon which the Court can grant relief. Section 1983 is not a substitute for habeas relief and does not allow him to end-run § 2254.

**Conditions of Commitment.** The Court reads Plaintiff's amended complaint as challenging the constitutionality of the SPTP. The gravamen of Plaintiff's amended complaint is that the cumulative effect of changes to the program and the procedures and treatment policies employed undermine the United States Supreme Court's holding in *Kansas v. Hendricks*, 521 U.S. 346 (1997), that involuntary commitment to Kansas's SPTP under its SVPA is not unconstitutionally punitive. Applying the analysis in the preceding section, Defendants are entitled to dismissal based on this reading of the amended complaint. But his claims fare no better and would still be dismissed even if the Court were to read Plaintiff's amended complaint as asserting a handful of discrete § 1983 claims challenging particular conditions of his commitment and seeking corresponding prospective injunctive remedies.

In the Court's view, only certain aspects of his Fourteenth Amendment due process claim,[6] his Fourth Amendment claim,[7] and his Fourteenth Amendment equal protection claim could even potentially be construed as challenges to the conditions of his commitment rather than its fact.[8, 9] But even if so-construed the Court can dismiss each out of hand as failing to state plausible claims

---

[6]   In particular, Plaintiff's grievances about his access to individualized mental health treatment of a certain type, vocational skills training, and media, as well as his ability to receive visits from family members, earn money, and socialize with others committed to the SPTP might be susceptible to construction as Fourteenth Amendment due process challenges to the conditions of his commitment.

[7]   Plaintiff complains that being subjected to warrantless searches of his room and his person violates his Fourth Amendment rights.

[8]   Plaintiff's Fourteenth Amendment equal protection claim is that his treatment differs from criminals who are incarcerated and individuals who are civilly committed but not in the SPTP.

[9]   Plaintiff's Fifth, Sixth, Eighth, and Ex Post Facto Clause claims are each bound up with his challenge to the fact of his confinement.

for relief. *E.g.*, *Baker v. Keck*, 2017 WL 3026143, at *3-6 (D. Kan. 2017) (analyzing and dismissing nearly identical Fourth and Fourteenth Amendment due process and equal protection challenges to Kansas's SPTP brought by a group of twenty individuals involuntarily committed to it). To the extent Plaintiff's amended complaint could be construed as containing challenges to the conditions of his commitment, it fails to state a claim upon which relief can be granted.

THE COURT THEREFORE ORDERS that Defendants' motion to dismiss under Rule 12(b)(1) and for judgment on the pleadings under 12(c) (Doc. 52) is GRANTED. Plaintiff's official capacity damages claims and his pendent state law claims are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Plaintiff's Fourteenth Amendment equal protection claim, the portions of his Fourteenth Amendment due process claim described in footnote 6, and his Fourth Amendment claim are DISMISSED WITH PREJUDICE for failure to state a claim. And Plaintiff's remaining claims challenging the fact or duration of his confinement are DISMISSED WITHOUT PREJUDICE.

THE COURT FURTHER ORDERS that Plaintiff's motion for summary judgment (Doc. 61) is DENIED as moot.

IT IS SO ORDERED.

Dated: July 17, 2025                    /s/ *Holly L. Teeter*
                                        HOLLY L. TEETER
                                        UNITED STATES DISTRICT JUDGE